764 So.2d 1021 (2000)
Lacy WILLIAMS
v.
SHONEY'S, INC., ABC Employee, XYZ Employee and XYZ Insurance Company.
No. 99 CA 0607.
Court of Appeal of Louisiana, First Circuit.
March 31, 2000.
*1022 John B. Lambremont, Sr., Baton Rouge, for Plaintiff/Appellant Lacy Williams.
Michael M. Meunier, New Orleans, for Defendant/Appellee Shoney's, Inc.
Before: FOIL, WHIPPLE and GUIDRY, JJ.
WHIPPLE, J.
In this slip and fall case, plaintiff, Lacy Williams, appeals from a summary judgment rendered in favor of defendant, Shoney's, Inc., and against Lacy Williams. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On December 23, 1995, Lacy Williams allegedly slipped[1] on a liquid substance, believed to be prune juice[2], and fell near the salad bar at Shoney's Restaurant in Port Allen, Louisiana. One year later, on December 23, 1996, Ms. Williams filed suit against Shoney's Restaurant for injuries allegedly sustained as a result of her alleged fall.
Eleven months later, defendant filed a Motion for Summary Judgment contending that it was entitled to judgment as a matter of law, as plaintiff could not establish that Shoney's had actual or constructive notice of the spill as required by LSA-R.S. 9:2800.6. After a hearing on the motion, the trial court agreed and rendered summary judgment in favor of defendant on September 24, 1998, dismissing plaintiff's suit. In so ruling, the trial court noted that "...because plaintiff cannot establish the temporal elements as required by White [v. Wal-Mart Stores, Inc., 699 So.2d 1081 (1997) ], plaintiff cannot provide the evidentiary support for one of the essential elements of her claim." From this judgment, plaintiff appeals, contending that the trial court erred in granting summary judgment in favor of Shoney's, and presents the following issue for review:
When a restaurant utilizes a "food bar" to allow customers to serve themselves unlimited quantities of food, does the restaurant thereby have actual or constructive notice of the inevitable hazard posed by food falling to the floor, creating an unreasonable risk of harm in the absence of a non-slip floor covering?

SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale *1023 trial where there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1st Cir.6/20/97); 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97); 703 So.2d 29. It should only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
Previously, our cases held that summary judgments were not favored and were to be used cautiously and sparingly. Any doubt was to be resolved against granting the motion and in favor of a trial on the merits. However, in 1996, the legislature amended LSA-C.C.P. art. 966 to overrule the presumption in favor of trial on the merits. Summary judgments are now favored, and the documents submitted by both parties are to be equally scrutinized. Berzas v. OXY USA, Inc., 29,835, pp. 4-5 (La.App. 2nd Cir.9/24/97); 699 So.2d 1149, 1152; Hayes v. Autin, 96-287, p. 6 (La. App. 3rd Cir.12/26/96); 685 So.2d 691, 694, writ denied, 97-0281 (La.3/14/97); 690 So.2d 41.
In 1997, by Act No. 483, the legislature again amended LSA-C.C.P. art. 966 to incorporate the federal summary judgment analysis. Under the amended version of LSA-C.C.P. art. 966, the initial burden continues to remain with the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the nonmoving party must come forward with factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. LSA-C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. LSA-C.C.P. arts. 966 and 967; Berzas, 29,835 at p. 8; 699 So.2d at 1154.
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether a summary judgment is appropriate. Sanders, 96-1751 at p. 7; 696 So.2d at 1035. Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Ledet v. Quality Shipyards, Inc., 615 So.2d 990, 992 (La.App. 1st Cir. 1993).

DISCUSSION
Louisiana Revised Statute 9:2800.6 sets forth the burden of proof for a plaintiff in a claim against a merchant for damages due to a fall on the premises. As most recently amended, which amendments took effect May 1, 1996, subsection (B) requires the plaintiff to prove that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
LSA-R.S. 9:2800.6(B).

Actual Notice
At the outset, we note that plaintiff herein presented no evidence to suggest that Shoney's either created the spill or had actual notice of the substance on the floor. However, plaintiff contends that this Court should recognize, essentially as a bright line rule, that any time a restaurant utilizes a food bar, actual notice of the risk of food falling from the self-service *1024 food bar is created. We reject this argument.
To establish such a rule would directly contravene the wording and purpose of LSA-R.S. 9:2800.6 and would establish a standard of absolute liability on the proprietors of such establishments. We find no legal or jurisprudential support for the approach suggested by plaintiff. Thus, in the absence of any evidence in the record to establish that Shoney's had actual notice of any substance on the floor, we conclude, as did the lower court, that plaintiff failed to satisfy her evidentiary burden of proving actual notice by Shoney's.

Constructive Notice
To prove constructive notice, the plaintiff must show that the substance remained on the floor "for such a period of time that it would have been discovered if the merchant had exercised reasonable care." LSA-R.S. 9:2800.6(C)(1).
In White v. Wal-Mart Stores, Inc., 97-0393, pp. 4-5 (La.9/9/97), 699 So.2d 1081, 1084-1085, the Louisiana Supreme Court noted that the temporal element in a slip and fall claim requires a "positive showing" by the plaintiff that the hazardous condition existed for some time prior to the fall.[3] As noted by the Court, whether the period of time is of sufficient length that the merchant should have discovered the condition is necessarily a question of fact. Thus, a claimant who simply shows that a condition existed at the time of the fall without an additional showing that the injury-causing condition existed for some time before the fall has not carried the burden of proving constructive notice under the applicable statute governing slip and fall cases. White, 97-0393 at p. 4, 699 So.2d at 1084.
Applying these precepts herein, in the absence of any proof that defendant had actual notice of the alleged defective condition, plaintiff was required to come forward with proof that she could satisfy her evidentiary burden of establishing that defendant had constructive notice. See LSA-C.C.P. art. 966(c); LSA-R.S. 9:2800.6(C)(1). As in White, plaintiff herein presented no evidence whatsoever to show that the liquid was on the floor for any length of time to establish the temporal element set forth in White. Plaintiff could not establish constructive notice by defendant herein as she submitted no testimony or evidence establishing the length of time the spill remained on the floor. She testified in her deposition that she was unable to say whether the liquid had been there seconds or minutes. In fact, she candidly admitted that she had no idea how long the liquid had been on the floor prior to the accident.
Plaintiff contends in brief that the "temporal element" of constructive notice as required by White was established by virtue of the fact that 1) the jogging suit worn by plaintiff contained a stain, and 2) the prune juice was not only on the floor, but was also on the food bar and had apparently dripped on the floor. These contentions, however, are not dispositive of the issue of how long the liquid substance had been on the floor. Even assuming arguendo that the prune juice had spilled from a bowl of prunes on the food bar and had dripped down the side of the bar onto the floor[4], no evidence was presented to suggest or show that it was there long enough for Shoney's to discover the condition *1025 through reasonable care. Indeed, as plaintiffs testimony indicates, she did not notice anything on the floor the first time she made a trip to the salad bar and it was only a "matter of minutes" before she made the second trip to the salad bar which resulted in her fall. See White, 97-0393 at p. 6, 699 So.2d at 1085.
Applying the principles set forth in White, we find that the evidence submitted by plaintiff falls far short of the proof required to establish constructive notice. We find that plaintiff failed to satisfy her burden of proving that the liquid had been on the floor for such a period of time that the merchant should have discovered its existence. White, 97-0393 at p. 7, 699 So.2d at 1086.
In its reasons for judgment, the trial court specifically discussed plaintiff's burden of demonstrating active or constructive notice under LSA-R.S. 9:2800.6, and noted:
Plaintiff would bear that burden of proof at trial. That burden is essential to plaintiff's claim, and plaintiff offered nothing at hearing on the motion for summary judgment to contend that they could meet that burden. Eighteen (18) months have passed since the filing of the petition for damages, there has been ample amount of time for plaintiff to make a sufficient showing of genuine issue of material fact. Plaintiff made no such showing.
After careful review, we find no error in the trial court's conclusion that Shoney's was entitled to judgment in its favor as a matter of law. The record amply supports the trial court's conclusion that plaintiff failed to prove the temporal element necessary to establish defendant had notice, an essential element of plaintiff's claim under LSA-R.S. 9:2800.6. Thus, the trial court properly rendered summary judgment herein.

CONCLUSION
For the above and foregoing reasons, the September 24, 1998 judgment of the trial court granting summary judgment in favor of defendant, Shoney's Inc., is hereby affirmed. All costs of this appeal are assessed against plaintiff, Lacy Williams.
AFFIRMED.
NOTES
[1] Although Shoney's contended in oral argument at the hearing that testimony had been taken during discovery which revealed that plaintiff staged the accident, the deposition of Demetria Royal, the employee who claimed she saw plaintiff stage the accident and sit down in the juice, was not introduced into evidence.
[2] Ms. Williams testified in her deposition that she did not know that the liquid was prune juice; that she was told by Darcy Harris, a friend who accompanied her that day, that the liquid appeared to be prune juice; and that prior to and after her fall, she never saw any liquid substance on the floor.
[3] Although the Court in White interpreted the version of LSA-R.S. 9:2800.6 in effect prior to the 1996 amendments, the requirement in the statute that the plaintiff prove that the condition existed for "such a period of time" was not changed by the 1996 amendments. Thus, the analysis in White regarding the temporal element of LSA-R.S. 9:2800.6 is equally applicable to the instant case.
[4] We note that plaintiff's testimony regarding how the liquid substance got on the floor was conflicting. She first testified that she had no idea how the prune juice got on the floor. However, she later claimed that the prune juice spilled over from the juice found at the bottom of a bowl of prunes set out for patrons to sample at the salad bar.