822 So.2d 94 (2002)
Thomas WHEELOCK
v.
WINN-DIXIE LOUISIANA, INC.
No. 2001 CA 1584.
Court of Appeal of Louisiana, First Circuit.
June 21, 2002.
Paul R. Matzen, Baton Rouge, Counsel for Plaintiff/Appellant Thomas Wheelock.
Jeff W. Watson, Mary G. Erlingson, Baton Rouge, Counsel for Defendant/Appellee Winn-Dixie Louisiana, Inc.
Before: WHIPPLE, FOGG, and GUIDRY, JJ.
GUIDRY, J.
A store patron, who slipped and fell in an unknown substance, appeals the judgment of the trial court granting a motion for summary judgment in favor of the grocery store. After reviewing the law and evidence, we affirm.

FACTS AND PROCEDURAL HISTORY
On November 15, 1996, a Friday evening, Thomas Wheelock and his wife went to the local Winn-Dixie in Baker, Louisiana to do some grocery shopping. After selecting the items they wished to purchase, the couple proceeded to the cashier to pay for the items. While scanning the items selected, the cashier noticed that one of the items, a bag of grits, had a hole in it. The cashier then suggested that Mr. Wheelock go and select another bag of grits to replace the damaged one. Mr. Wheelock followed the cashier's advice and returned to the shopping area to select another bag of grits.
On his way back to the cashier with the new bag of grits, Mr. Wheelock slipped and fell backwards, landing with one leg stretched out in front of him and the other bent beneath him. Two female patrons *95 assisted Mr. Wheelock in rising from the floor and escorted him to a bench located near the front entrance of the store to rest while waiting for his wife.
Following the fall, Mr. Wheelock complained of pain in his lower back, neck, left elbow and groin. The day following the incident, Mr. Wheelock went to the emergency room of Lane Memorial Medical Center and later received follow-up care from Dr. Gene Thompson. Dr. Thompson then referred Mr. Wheelock to Dr. Robert Taylor, a urologist, for the injuries to his groin.
On November 3, 1997, Mr. Wheelock filed a petition for damages against Winn Dixie Louisiana, Inc. (Winn-Dixie).[1] Winn-Dixie answered the petition generally denying all liability. Almost three years later, on September 21, 2000, Winn-Dixie filed a motion for summary judgment, asserting that there were no genuine issues of material fact and that it was entitled to judgment in its favor as a matter of law. Following a hearing on the motion, a transcript of which is not included in the record on appeal, the trial court granted Winn-Dixie's motion by a judgment signed March 23, 2001. Mr. Wheelock devolutively appeals that judgment.

ASSIGNMENTS OF ERROR
Mr. Wheelock assigns as error the following actions by the trial court:
1. The trial judge erred in failing to consider the total lack of evidence which is routinely kept by Defendant.
2. The trial judge erred in failing to assess the violation of mandated safety rules by Winn-Dixie employees.
3. The trial judge erred in finding that no showing of the temporal element of La. R.S. 9:2800.6 was made by Plaintiff.
4. The trial judge erred in granting summary judgment, as material facts were left to be determined.

STANDARD OF REVIEW
On appeal, summary judgments are reviewed de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Sunrise Construction and Development Corporation v. Coast Waterworks, Inc., 00-0303, p. 4 (La.App. 1st Cir. 6/22/01), 806 So.2d 1, 3, writ denied, 01-2577 (La.1/11/02), 807 So.2d 235. The motion shall be granted upon a showing that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(C)(1). The initial burden of proof is on the movant. However, if the movant will not bear the burden of proof at trial, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. La. C.C.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact and the motion should be granted. La. C.C.P. art. 966(C)(2).

DISCUSSION
In his petition for damages, Mr. Wheelock asserted that Winn-Dixie is liable for *96 the injuries sustained by him as a result of slipping and falling in an unknown, clear liquid substance in the store's aisle. A determination of whether the trial court properly granted summary judgment dismissing Mr. Wheelock's claim hinges on whether Mr. Wheelock failed to established a prima facie case of premises liability under La. R.S. 9:2800.6. That statute provides:
§ 2800.6. Burden of proof in claims against merchants
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.
D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.
A determination of this matter turns on whether Winn-Dixie can be held to have had constructive notice of the condition prior to the accident. In his first two assignments of error, Mr. Wheelock contests the trial court's failure to find Winn-Dixie liable for failure to prove that it followed established safety procedures. However, the issues raised in these assignments of error are only reached if the trial court affirmatively determines the issue raised in Mr. Wheelock's third assignment of error; that is, whether Mr. Wheelock presented any evidence indicating how long the condition had existed (the temporal element). As the supreme court held in White v. Wal-Mart Stores, Inc., 97-0393, p. 4 (La.9/9/97), 699 So.2d 1081, 1084, "[La. R.S. 9:2800.6] does not allow for the inference of constructive notice absent *97 some showing of this temporal element." Whether the period of time is of sufficient length that the merchant should have discovered the condition is necessarily a question of fact. Williams v. Shoney's, Inc., 99-0607, p. 6 (La.App. 1st Cir. 3/31/00), 764 So.2d 1021, 1024.
In a recorded statement taken approximately a week and a half following the incident, Steve Paul Landry, store manager of the Baker Winn-Dixie at the time Mr. Wheelock was injured, stated that he did observe what appeared to be vomit on the floor behind the register where Mr. Wheelock was assumed to have fallen. Mr. Landry described the substance as a clear liquid with what looked like sunflower seeds in it. However, Mr. Landry also stated "I didn't find any foot print or shoe print or anything resembling a slip or fall."
In his deposition taken over a year after the accident, Mr. Wheelock testified that he could not tell how far away from the checkout counter he was when he slipped. He also stated that he did not notice anything on the floor when he left the cashier to get a new bag of grits and that he traversed the same route returning to the cashier. When asked whether he had a chance to look at the substance on which he slipped, Mr. Wheelock replied that he sat "in something" and that he knew it was a clear substance, but could not tell what it was. In an affidavit, executed two years later, Mr. Wheelock stated that he slipped and fell in what appeared to be vomit and that as he attempted to rise, he noticed "foot prints and shopping buggy tracks through portions of the fluid;" thereby establishing that the substance had been present for some period of time. He was also able to state that he fell approximately seven to ten feet from the cashier at the register.
Mr. Wheelock's affidavit testimony is contradicted by his earlier deposition testimony and by Mr. Landry's recorded statement. Except for Mr. Wheelock's affidavit testimony, there would be no genuine issue of material fact. Mr. Wheelock's testimony materially and substantially contradicts his deposition testimony in which he stated that he knew it was a clear substance that he was unable to identify. When asked how closely did he look at the substance, Mr. Wheelock's only response was that he was sitting in it.
Mr. Wheelock gives no explanation for his clearer recollection in his affidavit. Because of the unexplained inconsistency between Mr. Wheelock's deposition testimony and his affidavit, the affidavit is not sufficient to create a genuine issue of material fact with regard to the temporal element in order to defeat Winn-Dixie's motion for summary judgment. See Le-Blanc v. Dynamic Offshore Contractors, Inc., 626 So.2d 16, 21 (La.App. 1st Cir. 1993). Accordingly, we conclude that the trial court properly granted Winn-Dixie's motion for summary judgment. See Williams, 99-0607 at 8, 764 So.2d at 1025.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court granting the motion for summary judgment and dismissing the plaintiff's claims against Winn-Dixie. All costs in this matter are charged to the appellant, Thomas Wheelock.
AFFIRMED.
NOTES
[1] In its answer, Winn-Dixie noted the plaintiff incorrectly referred to it as "Winn-Dixie" and not "Winn-Dixie."