WELCH, J.,
dissenting.
1¶1 respectfully dissent. I find that summary judgment was inappropriate because the defendants did not establish the absence of factual support for any specific element of the plaintiffs’ claims, and therefore, the burden did not shift to the plaintiffs to provide factual evidence sufficient to establish that they will be able to satisfy their evidentiary burden at trial.
The burden of proof on the motion for summary judgment shifts to the non-moving party only after the motion has been properly supported by the mover. Pugh v. St. Tammany Parish School Board, 2007-1856 (La.App. 1st Cir. 8/21/08), 994 So.2d 95, 98, writ denied, 2008-2316 (La.11/21/08), 996 So.2d 1113. I disagree with the majority’s conclusion that the defendants showed that there was an absence of factual support on the issue of constructive notice. It is well settled that there is no bright line time period for demonstrating that the condition existed for a period of time that it would have been discovered if the merchant had exercised reasonable care. White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081, 1084-85 [1]. Although some time period must be shown, whether the period of time is sufficiently lengthy that a merchant should |2have discovered the condition is necessarily a question of fact. Id. The defendants offered evidence of the tempo *1094 ral element of the plaintiffs’ claim in its answers to the plaintiffs’ interrogatories by stating that approximately three minutes prior to Judy Brown’s fall, another patron exiting the store flipped over the floor mat. Whether this period of time was of sufficient length that Swifty’s, through its employees, should have discovered the condition a question of fact; it does not demonstrate that plaintiffs will be unable to satisfy their evidentiary burden at trial. See Wheelock v. Winn-Dixie, Inc., 2001-1584 (La.App. 1st Cir. 6/21/02), 822 So.2d 94, 96. Thus, I find that the defendants failed to properly “point out” the lack of factual support for the constructive notice element of the plaintiffs’ claim.
Furthermore, with regard to the defendants’ contention that there is a lack of evidence establishing that Swifty’s failed to exercise reasonable care, the record before us contains no evidence with respect to this issue. Again, I must conclude that the defendants failed to properly point out the absence of factual support for this element of the plaintiffs’ claim.
Lastly, I find that summary judgment on the issue of whether the flipped-up floor mat presented an unreasonable risk of harm was inappropriate. It is well settled that whether a condition presents an unreasonable risk of harm to a claimant is a question of fact that must be resolved on a case-by-case basis; again, there is no bright line rule. See Reed v. Wal-Mart Stores, Inc., 97-1174 (La.3/4/98), 708 So.2d 362, 364. In this case, Judy Brown’s deposition testimony established that something caught her foot, that she lost her balance, and that she fell. In light of this testimony, combined with the defendants’ statements in its answers to interrogatories that the floor mat in the doorway of Swifty’s had been turned up by a previous customer and that Judy Brown stepped on the floor mat and fell, a trier of fact could reasonably conclude that the flipped-up floor mat presented an unreasonable risk of harm to store patrons such as the Judy Brown. Thus, 11 ...conclude that the defendants failed to properly point out that the plaintiffs would be unable to establish this element of their claim.
Accordingly, I would reverse the summary judgment and remand to the trial court for further proceedings.

. Although the supreme court in White interpreted the version of La. R.S. 9:2800.6 prior to its amendment by 1996 La. Acts, 1st Ex. Sess., No. 8, § 1, eff. May 1, 1996, the requirement in the statute that the plaintiff prove that the condition existed for "such a period of time" was not changed by the 1996 amendments. Thus, the analysis in White regarding the temporal element of LSA-R.S. 9:2800.6 is equally applicable to the instant case. See Williams v. Shoney’s, Inc., 99-0607 (La.App. 1st Cir. 3/31/00), 764 So.2d 1021, 1024 n. 3.