STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-26

NORMA RICHARD

VERSUS

LIBERTY MUTUAL INSURANCE CO., ET AL.

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 11-C-3094-C
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Phyllis M. Keaty, Judges.

AFFIRMED.

Michael W. Robinson
Pucheu, Pucheu & Robinson, LLP
Post Office Box 1109
Eunice, LA   70535-1109
(337) 457-9075
COUNSEL FOR PLAINTIFF/APPELLANT:
    Norma Richard

Bruce D. Beach
Law Offices of Keith S. Giardina
9100 Bluebonnet Centre Boulevard, Suite 300
Baton Rouge, LA   70809
(225) 293-7272
COUNSEL FOR DEFENDANTS/APPELLEES:
    Liberty Mutual Insurance Company
    TMC Foods, Inc.

AMY, Judge.

The plaintiff in this matter alleged that she seriously injured herself as the result of slipping on an unknown substance at a Popeye's restaurant. The defendants filed a motion for summary judgment, contending that the plaintiff would not be able to meet her burden of proof with regard to actual or constructive notice of any defect on the part of the defendants. The trial court granted the motion and dismissed the plaintiff's claims. The plaintiff appeals. For the following reasons, we affirm.

## Factual and Procedural Background

The plaintiff, Norma Richard, contends that in July of 2010, she and a friend, Ray Burnett, went to the Popeye's Chicken and Biscuits in Eunice, Louisiana, in order to purchase dinner. According to Ms. Richard, after placing their orders and receiving their food, the pair began to leave the restaurant. Ms. Richard alleges that, when she attempted to stop and ask Mr. Burnett a question, her feet "just never stopped" and she fell. Ms. Richard later admitted that she did not know what she slipped on, did not feel to see if there was anything slippery on the floor, and did not look to see if there were stains on her clothing. However, she was adamant that she did not trip. Ms. Richard stated that she did not file an accident report with the restaurant until three days later.

According to her deposition testimony, Ms. Richard incurred several fractured ribs and an unidentified muscle or nerve condition as a result of the fall. Ms. Richard also testified that her doctor informed her that she would likely have problems with her back "forever." Ms. Richard contends that she missed more than a month of work as a result of her injuries and has been on light duty since she returned to work.

Thereafter, Ms. Richard filed suit against TMC Foods, LLC d/b/a Popeye's Chicken and Biscuits and its insurance company, Liberty Mutual Insurance Company.[1] The defendants filed a motion for summary judgment, contending that Ms. Richard would be unable to meet her burden of proof with regard to Popeye's actual or constructive knowledge of any defect. After a hearing, the trial court granted the defendants' motion and dismissed Ms. Richard's claims with prejudice. Ms. Richard appeals, asserting that the trial court erred in granting the motion for summary judgment.

## Discussion

Summary judgment is favored in this state and "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2).[2] Further, in cases where the moving party will not bear the burden of proof at trial, "the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La.Code Civ.P. art. 966(C)(2). Once the moving party has done so, the burden shifts to the non-moving party to show that he will be able meet his evidentiary burden of proof at trial; if he fails to do so, there is no genuine issue of material fact. *Id.*

---

[1] The record contains several variations on the case caption and the parties' names, including "TMC Foods" and "Liberty Insurance Company." We use the caption and names referred to in the parties' briefs.

[2] We note that the legislature amended La.Code Civ.P. art. 966(B)(2) in 2013 La. Acts. 391, effective August 1, 2013.

Judgments granting or denying a motion for summary judgment are reviewed de novo. *C & C Energy, L.L.C. v. Cody Invs., L.L.C.*, 09-2160 (La. 7/6/10), 41 So.3d 1134. Thus, the appellate court must use the same criteria as the trial court in determining whether summary judgment is appropriate; "whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law." *Id.* at 1137. Similarly, the judge's role in ruling on a motion for summary judgment is not to weigh evidence or determine the truth of the matter, but to determine whether there is a genuine issue of material fact. *Hines v. Garrett*, 04-806 (La. 6/25/04), 876 So.2d 764. "All doubts should be resolved in the non-moving party's favor." *Id.* at 765. Genuine issues are those as to which reasonable persons could disagree. *Id.* Further, facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. *Id.*

The burden of proof in claims against merchants is delineated in La.R.S. 9:2800.6, which states, in relevant part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

Thus, in order to prosecute a claim successfully under La.R.S. 9:2800.6, a plaintiff must prove all three of the requirements listed in La.R.S. 9:2800.6(B). The record here is not determinative of what foreign substance, if any, caused Ms. Richard to slip, and the parties have focused on the requirement that the plaintiff prove that the "merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." La.R.S. 9:2800.6(B)(2).

Popeye's contends that Ms. Richard could not identify what substance was on the floor, noting that Ms. Richard testified that she did not see anyone spill anything on the floor, did not see any slippery liquid or other substance on her shoes after she fell, denied "feeling around" to see if there was anything on the floor, and denied looking to see if there was anything on her clothing as a result of the fall. Further, Popeye's argues that Ms. Richard offered no evidence that would indicate how long the substance had been on the floor, thus failing to meet the temporal requirements of constructive notice. In response to Popeye's contentions, Ms. Richard argues that Popeye's either created a defective condition as a result of the nature of its business or that Popeye's had constructive notice of the hazard.

4

Ms. Richard's first argument is essentially that, "slippery substances on floors in fast-food restaurants, particularly those specializing in deep-fried products, can be proven, by very reasonable inferences, to have been created by the products produced by such restaurants." Ms. Richard insinuates that Popeye's created the risk due to the nature of Popeye's products and that the risk was exacerbated by the installation of tile in the restaurant. In *Williams v. Shoney's Inc.*, 99-607 (La.App. 1 Cir. 3/31/00), 764 So.2d 1021, the first circuit rejected a similar argument wherein the plaintiffs sought to create a bright-line rule that restaurants which had installed a self-service food bar had actual notice of the risk of food falling from the bar. The first circuit noted that "[t]o establish such a rule would directly contravene the wording and purpose of LSA-R.S. 9:2800.6 and would establish a standard of absolute liability on the proprietors of such establishments." *Id.* at 1024.

Additionally, Ms. Richard has pointed to no evidence, circumstantial or otherwise, which would indicate that one of Popeye's employees caused any defective condition. Although Ms. Richard alternatively contends that Popeye's created the condition by installing dangerously slippery tile, she has submitted only speculation and unsupported allegations, not evidence, that the tile was somehow inappropriate for use in restaurant floors. *See Sears v. Home Depot, USA, Inc.*, 06-201, p. 12 (La.App. 4 Cir. 10/18/06), 943 So.2d 1219, 1228 ("Mere conclusory allegations, improbable inferences and unsupported speculation will not support a finding of a genuine issue of material fact."), *writ denied*, 06-2747 (La. 1/26/07), 948 So.2d 168. Thus, we find no merit to Ms. Richard's contention that Popeye's caused the alleged defective condition.

5

Ms. Richard also contends that, if Popeye's did not cause a defective condition, there is sufficient circumstantial evidence which would indicate that Popeye's had constructive notice of the alleged defect. Circumstantial evidence may be used in a slip and fall case to establish the temporal element required by La.R.S. 9:2800.6(B)(2). *Blackman v. Brookshire Grocery Co.*, 07-348 (La.App. 3 Cir. 10/3/07), 966 So.2d 1185. "Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period." *White v. Wal-Mart Stores, Inc.*, 97-393, p. 4 (La. 9/9/97), 699 So.2d 1081, 1084.

At her deposition, Ms. Richard testified that she was in the restaurant for seven or eight minutes, and that there were people at two tables inside the restaurant. Ms. Richard said that she did not see anyone go by and drop anything. According to Ms. Richard, after she fell, she was on the floor for a few seconds before Mr. Burnett helped her up. Further, she testified that no one came to help her after she fell. After the defendants filed the motion for summary judgment, Ms. Richard filed an affidavit[3] which stated that she was in the restaurant fifteen minutes before the accident and five minutes after the accident. She stated that she did not see anyone inspect the floor or go on foot patrol while she was there.

As previously mentioned, "[m]ere conclusory allegations, improbable inferences and unsupported speculation will not support a finding of a genuine issue of material fact." *Sears*, 943 So.2d at 1228. Even if contained in a deposition, such inferences, allegations and speculation are not sufficient to satisfy the opponent's burden of proof. *Id.* After Popeye's pointed out that Ms. Richard

---

[3] The defendants objected to Ms. Richard's affidavit. However, the minutes from the hearing on the motion for summary judgment indicate that the trial court allowed the affidavit to be considered and not struck.

could not meet her burden of proof with regard to actual or constructive notice of any defect, the burden of proof shifted to Ms. Richard to show that she will be able to meet her evidentiary burden of proof at trial. Our de novo review of the record reveals that Ms. Richard offered no *factual support* that the condition which caused her to fall existed for such a "period of time that it would have been discovered if the merchant had exercised reasonable care." La.R.S. 9:2800.6(C)(1). *See also Babin v. Winn-Dixie La., Inc.*, 00-78 (La. 6/30/00), 764 So.2d 37.

Although Ms. Richard testified about the length of time she was in the restaurant and that she did not see anyone spill anything on the floor, Ms. Richard could not identify a substance that caused her to fall. In *White*, 699 So.2d 1081, the supreme court found that the plaintiff's failure to perceive the clear liquid that caused her to fall, even after walking past it on an earlier occasion, was a factor that favored lack of constructive notice on the part of the defendant/merchant. We note that Ms. Richard testified that, even after she fell, she could not identify the substance that made her fall. These contentions are not dispositive of how long any alleged dangerous substance had been on the floor. *See Williams*, 764 So.2d 1021.

Further, Ms. Richard has offered no evidence which would establish that Popeye's would have discovered the alleged spill if it had exercised reasonable care, such as when Popeye's employees last inspected the floor, or even evidence of Popeye's inspection policies. Instead, Ms. Richard offers speculation about "nonchalance" and "extreme lack of concern" on the part of Popeye's employees.[4]

---

[4] In contrast, in *Beninate v. Wal-Mart Stores, Inc.*, 97-802 (La.App. 5 Cir. 12/10/97), 704 So.2d 851, *writ denied*, 98-82 (La. 3/13/98), 713 So.2d 470, the plaintiff alleged that she slipped on a French fry which was on the floor directly in front of a McDonald's located in a Wal-Mart store. Although the plaintiff testified that she threw away the French fry and did not report the fall to anyone other than the store greeter, the plaintiff *also* submitted evidence that the store was

Pursuant to our review of the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits submitted in support of the motion for summary judgment, we find that Ms. Richard has failed to offer sufficient factual support to indicate that she would be able to meet her evidentiary burden of proof at trial. Accordingly, we find no error in the trial court's grant of the motion for summary judgment in favor of the defendants.

## DECREE

For the foregoing reasons, we affirm in all respects the trial court's judgment granting the motion for summary judgment filed by the defendants, TMC Foods, LLC d/b/a Popeye's Chicken and Biscuits and Liberty Mutual Insurance Company. Costs of this appeal are assessed to the plaintiff, Norma Richard.

**AFFIRMED.**

---

busy due to holiday shopping and that store employees inspected the area only periodically. Further, the plaintiff submitted evidence taken by an investigator that showed that, on several occasions, there was food debris on the floor directly in front of the McDonald's, and that several Wal-Mart employees walked across the area while the debris was present. The trial court found that the plaintiff had produced sufficient circumstantial evidence that the French fry had been on the floor for a sufficient period of time to provide Wal-Mart with constructive notice of the hazard. On appeal, the fifth circuit found no error in the trial court's findings, placing particular emphasis on the dearth of evidence about reasonable inspection procedures.