STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

15-394


REGINA WILLIAMS

VERSUS

BROOKSHIRE GROCERY COMPANY



**********


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 121753, DIVISION "D"
HONORABLE JAMES RAY MCCLELLAND, DISTRICT JUDGE

**********

**DAVID KENT SAVOIE**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and
David Kent Savoie, Judges.


**AFFIRMED.**

**Charles J. Foret**
**Jason R. Garrot**
**Briney Foret Corry**
**P. O. Drawer 51367**
**Lafayette, LA 70505-1367**
**(337) 237-4070**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Brookshire Grocery Company**

**Keith P. Saltzman**
**Anderson, Dozier, Blanda & Saltzman**
**P. O. Box 82008**
**Lafayette, LA 70598-2008**
**(337) 233-3366**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Regina Williams**

**SAVOIE, Judge.**

Plaintiff Regina Williams appeals the judgment of the trial court granting Defendant Brookshire Grocery Company's (Brookshire) Motion for Summary Judgment and dismissing her claims in their entirety. For the following reasons, we affirm the trial court's judgment.

## FACTS

On May 2, 2012, Ms. Williams was shopping with her daughter at a Super 1 Foods owned and operated by Brookshire and located in New Iberia, Louisiana. She noticed a wet floor sign while she was walking down Aisle 10 in the frozen food section. After she passed the sign by a few steps, she slipped and fell on what she describes as a "puddle of water" on the floor, sustaining injuries.

Ms. Williams filed a Petition for Damages on December 6, 2012, alleging negligence on the part of Brookshire, who subsequently filed a Motion for Summary Judgment. After a hearing on the motion, the trial court ruled in favor of Brookshire, dismissing Ms. Williams's claims.

## ASSIGNMENT OF ERROR

Did the trial court err in granting Brookshire's Motion for Summary Judgment?

## LAW AND DISCUSSION

The Louisiana Supreme Court in *Reynolds v. Bordelon*, 14-2371, pp. 2-3 (La. 6/30/15), 172 So.3d 607, 610-11 (footnotes omitted), explained the summary judgment standard as follows:

> A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. A summary judgment is reviewed on appeal *de novo,* with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment

is appropriate; *i.e.* whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law.

A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

Brookshire "must satisfy [its] burden by 'submitting affidavits *or* pointing out the lack of factual support for an essential element in the opponent's case.'" *Id.* at 612 (citing La.Code Civ.P. art. 966) (footnote omitted). It is then Ms. Williams' burden to come forward with evidence that establishes her claim.

Plaintiff's claim is found in La.R.S. 9:2800.6, which provides, in pertinent part:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

In accordance with La.R.S. 9:2800.6, Brookshire owed a duty to Ms. Williams to exercise reasonable care in keeping its floors in a reasonably safe condition and in keeping the store free of hazardous conditions. Ms. Williams, in order to succeed on her claim, must prove the water on the floor existed and it presented an unreasonable risk of harm; Brookshire either created or had actual or constructive notice of the water; and Brookshire failed to exercise reasonable care.

Attached to Brookshire's Motion for Summary Judgment are excerpts of deposition testimony by Ms. Williams and excerpts of the deposition testimony by two employees, Toby Lejeune and Faron Thibodeaux. Both employees testified that the wet floor sign was placed on Aisle 10 to warn customers of a faulty metal plate covering a floor drain. Ms. Williams attached to her opposition the depositions of Cindy Faughn and Stacey Baudoin, also Brookshire employees, who both stated they did not recall the faulty metal plate or the wet floor sign. The deposition of Priscilla Dupuis was also attached by Ms. Williams. Ms. Dupuis was

3

the store's utility clerk and was in charge of maintaining the building. She, also, did not recall the faulty metal plate.

Ms. Williams alleges that the Brookshire employees' testimony is inconsistent, and that this creates a genuine issue of material fact. We disagree. While certain employees may not recall the existence of the faulty metal plate, this certainly doesn't arise to the level of creating a genuine issue of material fact. More importantly, the evidence does not establish proof of Brookshire's actual or constructive knowledge. Rather, at best, it creates a void that is not filled by Ms. Williams. She does not set forth any evidence to prove the wet floor sign was placed there because of the water on the ground.

Further, a temporal element exists when proving a claim under La.R.S. 9:2800.6. The Louisiana Supreme Court has held that the plaintiff must show the condition existed for some period of time prior to the fall. *White v. Wal-Mart Stores, Inc.*, 97-393 (La. 9/9/97), 699 So.2d 1081. "Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period." *Id.* at 1084.

Because Brookshire pointed out that there is a lack of factual support, the burden shifts to Ms. Williams to establish evidence. After a de novo review of the record, we find "no *factual support* that the condition which caused [Ms. Williams] to fall existed for such a 'period of time that it would have been discovered if the merchant had exercised reasonable care.'" *Richard v. Liberty Mut. Ins. Co.*, 13-26, p. 7 (La.App. 3 Cir. 10/9/13), 123 So.3d 345, 349 (citing La.R.S. 9:2800.6(C)(1)). Further, there is no evidence which supports the required element that a Brookshire employee caused the defective condition.

Thus, we find no error in the trial court's granting of Brookshire's Motion for Summary Judgment.

## <u>DECREE</u>

For the foregoing reasons, we affirm the judgment of the trial court granting Defendant Brookshire's Motion for Summary Judgment. All costs of this appeal are assessed to Plaintiff Regina Williams.

**AFFIRMED.**