STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CW 17-566


BOBBY MOSES

VERSUS

WAL-MART STORES, INC.



\*\*\*\*\*\*\*\*\*\*


ON SUPERVISORY WRIT FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2016-3634B
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

CANDYCE G. PERRET
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Phyllis M. Keaty, Van H. Kyzar, and Candyce G. Perret,
Judges.



WRIT GRANTED AND MADE PEREMPTORY.

**Philip Andre Fontenot**
**Hallie P. Coreil**
**Davidson, Meaux, Sonnier, McElligott, Fontenot,**
**Gideon & Edwards, L.L.P.**
**P. O. Drawer 2908**
**Lafayette, LA 70502-2908**
**(337) 237-1660**
**COUNSEL FOR DEFENDANT APPLICANT:**
    **Wal-Mart Louisiana, LLC**

**Renee Yvette Roy**
**Cory Paul Roy**
**Brandon J. Scott**
**Roy & Scott**
**P. O. Box 544**
**Marksville, LA 71351**
**(318) 240-7800**
**COUNSEL FOR PLAINTIFF RESPONDENT:**
    **Bobby Moses**

**Benjamin D. James**
**Roy & Scott**
**107 North Washington Street**
**Marksville, LA 71351**
**(318) 240-7800**
**COUNSEL FOR PLAINTIFF RESPONDENT:**
    **Bobby Moses**

**PERRET, Judge.**

This case involves a slip and fall in an aisle of Wal-Mart's Mansura location store. Relator, Wal-Mart Stores, LLC, which was sued as Wal-Mart Stores, Inc. ("Wal-Mart"), seeks supervisory review of the trial court's judgment denying its motion for summary judgment. For the following reasons, we hereby grant Relator's writ, reverse the trial court's judgment, and dismiss Respondent's suit with prejudice.

## STATEMENT OF THE CASE

Bobby Moses ("Respondent") alleges that he slipped and fell in the Mansura, Louisiana, Wal-Mart on October 21, 2015. In its reasons for ruling, the trial court summarized the facts as follows:

> The parties agree, as per video surveillance evidence, at approximately 9:57 a.m., an unidentified companion of plaintiff is seen holding a Subway cup and turns down the condiment aisle. At approximately 9:59:22[,] this unidentified companion of plaintiff exits the condiment aisle on the other end without the Subway cup. Plaintiff enters the condiment aisle at approximately 10:00 a.m. and slips in the area of the spilled Subway soda. It appears that these facts are not in dispute.

Respondent subsequently filed suit against Wal-Mart. Wal-Mart filed a motion for summary judgment alleging that Respondent could not meet his burden of proof regarding Wal-Mart's actual or constructive notice of the spill. In support of its motion, Wal-Mart submitted Respondent's deposition with two still photographs from the surveillance video, the incident report, a picture of the spilled cup attached as exhibits to the deposition; Wal-Mart's asset protection manager's affidavit, with the surveillance video itself as an exhibit to the affidavit; and three time-stamped still photographs from the surveillance video.

In opposition, Respondent argued that he had "met his burden of providing circumstantial factual support for all elements of his claim" and that there existed a genuine issue of material fact "as to whether the period of time that the cup at issue

lay on the floor of Wal-Mart's store was sufficiently lengthy" to constitute constructive notice. Respondent did not introduce any evidence to support his claim.

The matter was heard and taken under advisement. On May 5, 2017, the trial court issued written reasons for ruling and denied summary judgment finding "that a genuine issue of material fact exists as to whether Wal-Mart, in the exercise of reasonable care and in accordance with its own internal policies and procedures, would have had constructive notice of the presence of the Subway cup on the floor of its store."

Wal-Mart timely sought supervisory writs, which this court granted in accordance with La.Code Civ.P. art. 966(H) and this court's Internal Rule 30.

## LAW AND DISCUSSION

The disposition of a motion for summary judgment is reviewed de novo, "under the same criteria governing the trial court's consideration of whether summary judgment is appropriate." *Brown v. Diagnostic Imaging Servs., Inc.*, 15-207, p. 3 (La.App. 4 Cir. 8/12/15), 173 So.3d 1168, 1169 (citations omitted). "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). The mover bears the initial burden of proof; but the burden shifts as follows:

> Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

La.Code Civ.P. art. 966(D)(1).

2

To succeed in a negligence claim against a merchant, La.R.S. 9:2800.6 requires a plaintiff prove that:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice[1] of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Wal-Mart's first assignment of error is that the trial court erred in determining the spill existed for a legally sufficient period of time to impose constructive notice on Wal-Mart, despite the Louisiana Supreme Court's opinion in the factually similar case, *Guillot v. Dolgencorp, L.L.C.*, 13-2953 (La. 3/21/14), 135 So.3d 1177. In *Guillot*, the supreme court reversed the lower courts' rulings, and granted summary judgment to defendant for the reasons in Chief Judge Thibodeaux's appellate dissent. Chief Judge Thibodeaux's dissent opined:

> I conclude Mr. Guillot failed to prove that Dolgencorp had constructive notice of the allegedly hazardous McDonald's cup. Absent Ms. Ragsdale's deposition testimony, the only evidence in the record regarding the temporal element is the video surveillance indicating the cup was on the floor for roughly two minutes prior to Mr. Guillot's accident. Unlike *Broussard [v. Wal-Mart Stores, Inc.*, 98-813 (La.App. 3 Cir. 1/20/99), 741 So.2d 65], even if the cup was full of water as stated in Mr. Guillot's testimony, there is no evidence as to the size, state, and scope of a spill that would indicate the cup was there for any more time than the two minutes in the video. While I recognize this was a busy time of year given the Easter season, **two minutes, <u>without more</u>, is not a "sufficiently lengthy" time to put a merchant on notice of hazardous conditions.** To hold otherwise is unreasonable because it forces a merchant to constantly monitor the physical state of his place of business rather than engage in the primary goal of selling goods.

---

[1] "Constructive notice" requires Respondent prove "the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La.R.S. 9:2800.6(C)(1).

*Guillot v. Dolgencorp, LLC*, 13-587, pp. 1-2 (La.App. 3 Cir. 11/27/13), 127 So.3d 124, 131, *writ granted*, 13-2953 (La. 3/21/14), 135 So.3d 1177 (emphasis added).

Additionally, in *Richard v. Liberty Mutual Insurance Co.*, 13-26, pp. 6-7 (La.App. 3 Cir. 10/9/13), 123 So.3d 345, 349 (emphasis in original)(citations omitted), this court recognized that "'whether the time period is sufficiently lengthy . . . is [] a fact question,'" and upheld the trial court's grant of summary judgment finding that the plaintiff "offered no *factual support* that the condition which caused her to fall existed for such a 'period of time that it would have been discovered if the merchant had exercised reasonable care.'"

Respondent raises only one disputed "material fact" in his opposition: whether the spill existed for a sufficiently lengthy time that Wal-Mart had constructive notice of the spill. "When constructive notice is at issue, the claimant must come forward with **positive evidence** showing that the damage causing condition existed for some period of time, **and** that such time was sufficient to place the merchant on notice of its existence." *Hazelett v. Louisiana-1 Gaming*, 16-297, p. 5 (La.App. 5 Cir. 12/21/16), 210 So.3d 447, 452 (emphasis added). Respondent did not offer positive evidence that the spill existed for such a period of time that Wal-Mart, in exercising reasonable care, would have discovered it.

Instead, the facts show the spill existed for approximately one minute before Respondent's fall, and that no Wal-Mart employee went down that aisle during that time. The surveillance video shows that Respondent's unidentified companion exited the aisle at 9:59:22 a.m. and that Respondent entered the same aisle at 10:00 a.m. Also, in his deposition, Respondent testified that there was ice on the floor when he fell. The surveillance video does not show any Wal-Mart employee entering that aisle between the time the unknown person left the Subway cup on the floor and the time of the accident. Respondent presented no evidence or testimony to the contrary. Applying the *Guillot* dissent, "without more," we conclude the spill did not exist for a

4

"sufficiently lengthy" time to impose constructive notice on Wal-Mart. *Guillot*, 127 So.3d at 131. Therefore we find that Respondent failed to prove he would meet his evidentiary burden of proof at trial regarding Wal-Mart's constructive notice of the spill. This failure results in a finding of no genuine issue of material fact. *Richard*, 123 So.3d 345.

In its second assignment of error, Wal-Mart asserts the trial court erred in determining there was the possibility of factual issues regarding reasonable care. Similarly, Wal-Mart's third assignment of error argues the trial court erred because it ignored the undisputed video surveillance and, instead, bootstrapped evidence of Wal-Mart's policies from an unrelated case, into the record of this case.

Relying on *Sheffie v. Wal-Mart Louisiana, LLC*, 13-792 (La.App. 5 Cir. 2/26/14), 134 So.3d 80, *writ denied*, 14-881 (La. 6/20/14), 141 So.3d 813, the trial court in the instant matter determined there was a possibility that Wal-Mart has policies and procedures, which may require employees to look for hazards. The trial court found this possibility created a genuine issue of material fact regarding whether Wal-Mart, in exercising reasonable care in accordance with those policies and procedures, would have had constructive notice of the spill. The trial court distinguished *Guillot* because "this disputed fact, if proven, would constitute the 'without more' language . . . ."

In *Sheffie*, the plaintiff not only produced testimony regarding Wal-Mart's policies and procedures, but the surveillance video showed five employees walk by the hazardous area. *Sheffie*, 134 So.3d 80. In *Tate v. Outback Steakhouse of Florida*, 16-93, p. 7 (La.App. 1 Cir. 9/16/16), 203 So.3d 1075, 1079, the court affirmed summary judgment and distinguished *Sheffie* stating: "In this case, Ms. Tate did not present any evidence that anyone noticed or should have noticed, the presence of the clear liquid substance on the floor at any time prior to her fall." As in *Tate*, Respondent in this case did not present any evidence of Wal-Mart's policies, or any

5

evidence that a Wal-Mart employee should have noticed the spill before Respondent's fall.

For the foregoing reasons and based on the uncontroverted video surveillance evidence of the amount of time that the spill was on the floor before Respondent's alleged fall, the Louisiana Supreme Court's pronouncement in *Guillot*, 135 So.3d 1177, and this court's ruling in *Richard*, 123 So.3d 345, we grant the motion for summary judgment filed by Wal-Mart. The trial court's judgment is reversed and Respondent's suit is dismissed with prejudice. Costs of this writ are assessed to Respondent, Bobby Moses.

**WRIT GRANTED AND MADE PEREMPTORY.** THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. RULE 2-16.3, UNIFORM RULES— COURTS OF APPEAL.