HIGGINBOTHAM, J.
|2In this personal injury suit arising out of a slip and fall, a restaurant patron appeals a summary judgment granted in favor of the restaurant, dismissing the patron’s claim for damages.
BACKGROUND
On September 21, 2012, Cheryl Tate, her husband and two friends entered an Outback Steakhouse restaurant on South Acadian Thruway in Baton Rouge, Louisiana. Within moments, while either her husband or one of her friends were still holding the entryway door open, Ms. Tate was greeted by the restaurant’s hostess and immediately led toward a table. Instantly, after taking only two-to-three steps, Ms. Tate slipped and fell in an unknown clear liquid substance on the floor, which she did not see prior to falling. Ms. Tate commenced proceedings against Outback Steakhouse of Florida, L.L.C., and Outback Steakhouse (collectively referred to as “Outback”), pursuing damages for injuries she allegedly sustained as a result of the fall. After discovery was complete, Outback filed a motion for summary judgment, seeking dismissal of Ms. Tate’s claims on the grounds that she would be unable to meet her burden of proof that Outback had actual or constructive knowledge of any substance on the restaurant’s floor. After a hearing, the trial court signed a judgment on November 5, 2015, granting Outback’s motion for summary judgment and dismissing Ms. Tate’s claims. It is from this judgment that Ms. Tate now appeals.
APPLICABLE LAW
On appeal, summary judgments are reviewed de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Sunrise Const. and Development Corp. v. Coast Waterworks, Inc., 2000-0303 (La.App. 1 Cir. 6/22/01), 806 So.2d 1, 3, writ denied, 2001-2577 (La. 1/11/02), 807 So.2d 235. Summary judgment is appropri *1077 ate only if the pleadings, ^depositions, .answers to interrogatories, and admissions, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(B)(2).[1] The initial burden of proof is on the moving party; however, if the moving party will not bear the burden of proof at trial, the moving party’s burden on the motion is satisfied by pointing out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. Thereafter, the nonmoving party must produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial; failure to do so shows that there is no genuine issue of material fact and the motion should be granted. La. Code Civ. P. art. 966(C)(2).
A genuine issue is a triable issue. In determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La. 7/5/94), 639 So.2d 730, 751. A fact is material when its existence or non-existence may be essential to the plaintiffs cause of action under the applicable theory of recovery. Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute. King v. Illinois Nat. Ins. Co., 2008-1491 (La. 4/3/09), 9 So.3d 780, 784. Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is materiál can be seen only in light of the substantive law applicable to the case. Manno v. Gutierrez, 2005-0476 (La.App. 1 Cir. 3/29/06), 934 So.2d 112, 116.
I/The applicable substantive law in this case is set forth in the premises liability statute, La. R.S. 9:2800.6, which provides in pertinent part:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, *1078 alone, to prove failure to exercise reasonable care.
C. Definitions:
(1) “Constructive notice” means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition. [Emphasis added.]
DISCUSSION
A determination of whether the trial court properly granted summary judgment dismissing Ms. Tate’s claims against Outback hinges on whether Ms. Tate failed to establish a prima facie case of premises liability under La. R.S. 9:2800.6. Pursuant to, that statute, Ms. Tate has the mandatory burden of proving that the clear liquid substance on the floor where she slipped and fell at Outback presented an unreasonable risk of harm to her, that the risk of harm was reasonably foreseeable, |Bthat Outback either created or had actual or constructive notice of the condition prior to the occurrence, and that Outback failed to exercise reasonable care to eliminate the condition. Ms. Tate has the burden to prove each element of her cause of action under La. R.S. 9:2800.6(B) in addition to the remaining elements of her negligence action: duty, breach, cause in fact, risk and harm within the scope of duty, and actual damages. See White v. Wal-Mart Stores, Inc., 97-0393 (La. 9/9/97), 699 So.2d 1081, 1083-1084. The failure to prove any one of the required elements will negate a claimant s cause of action. Coleman v. Wal-Mart Stores, Inc., 98-0124 (La.App. 1 Cir. 11/6/98), 721 So.2d 1068, 1072.
Ms. Tate contends that the trial court erred in combining the constructive notice and the reasonableness elements of the premises liability statute when it found that she could not carry her burden of proof. She argues that it is undisputed that the wet substance was on the floor and that summary judgment is precluded because there is a question of fact concerning how long the substance was on' the floor. Outback maintains, however, that summary judgment is appropriate because Ms. Tate offered no evidence that a substance was oh the floor for such a period of time that it should have been discovered with the exercise of reasonable care. Thus, Outback argues that Ms. Tate cannot prove a requisite element of her claim, ie., that Outback had actual or constructive notice of the substance on the floor prior to the incident.
In support of its motion for summary judgment, Outback offered excerpts of Ms. Tate’s deposition testimony where Ms. Tate acknowledged that she did not see anything on the floor before or after her fall and she had no idea how long the substance had been on the floor before she fell. Ms. Tate stated that the only reason she knew that she had slipped in something wet was because her clothing was damp after she fell. Ms. Tate testified that she did not see anyone spill anything on the floor, and she did not see any Outback employees around the area where she fell [ fiother than the hostess that was leading her group to a table. Ms. Tate opposed Outback’s motion for summary judgment, offering excerpts of her testimony from the same deposition in an effort to show that the wet substance must have been *1079 present on the floor prior to her- entrance into the restaurant.
After conducting a de novo review of the evidence, we conclude that Outback showed that there was an absence of support for some essential elements of Ms. Tate’s claim, including that the wet substance was on the restaurant’s floor for such a period of time that it should have been discovered if Outback had exercised reasonable care. While there is no bright line time period required, when a claimant is relying upon constructive notice under La. R.S. 9:2800,6(B)(2), the claimant must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant défendant on notice of its existence. White, 699 So.2d at 1082 and at 1084-85. The premises liability statute does not allow for the inference of constructive notice absent some showing of this temporal element. White, 699 So.2d at 1084.
In her deposition, Ms. Tate testified that she did not see the wet substance on the floor and she did not know how long the substance had been there prior to her falling almost immediately upon entering the restaurant. Because of the absence of any evidence that the wet substance was on the floor for a period of time longer than a few brief moments, or that any Outback employee or other patron in the vicinity of the location of Ms. Tate’s fall actually saw, or had an opportunity to see, a clear liquid substance on the floor before or at the time that Ms. Tate entered the restaurant and immediately fell, Ms. Tate failed to show that Outback had constructive notice of the condition.
We distinguish the case relied on by Ms. Tate, Sheffie v. Wal-Mart Louisiana LLC, 2013-792 (La. App. 5th Cir. 2/26/14), 134 So.3d 80, 84, writ denied, 2014-0881 (La. 6/20/14), 141 So.3d 813, where surveillance video evidence revealed five different employees walking by the area where the claimant slipped in water, and the court found that a genuine issue of material fact existed as to whether there had been a sufficient length of time that the merchant should have discovered the hazardous condition. We are not faced with any similar set of facts here. In this case, Ms. Tate did not present any evidence that anyone noticed, or should have' notified, the presence of the clear liquid substance on the floor at any time prior to her fall.
Moreover, while the Outback’s hostess was obviously within the vicinity of the substance that was on the floor, that fact does not, alone, constitute constructive notice of a wet substance on the floor. See La. R.S. 9:2800.6(C)(1). The record is void of any evidence that the, hostess knew, or in the exercise of reasonable care should have known, of the wet substance on the floor that was not visible to anyone for discovery, including Ms. Tate and those accompanying her. Accord White, 699 So.2d at 1085-86. See also Coleman, 721 So.2d at 1074 (where “the evidence ... does not show that the liquid was on the floor for any period other than the briefest of moments before the .accident,” plaintiffs failed to meet their burden of proving constructive notice).
We have determined that Ms. Tate simply failed to establish that she would be able to satisfy her difficult, but not impossible, evidentiary burden of proof at trial that Outback had constructive notice of the alleged hazardous condition. Accordingly, we find no error in'the trial court’s ruling that granted summary judgment in favor of Outback and ■ dismissed Ms. Tate’s claims against Outback.
CONCLUSION
For the stated reasons, the November 5, 2015 judgment of the trial court is af *1080 firmed. , All costs of this appeal are assessed to the plaintiff-appellant, Cheryl Tate.
AFFIRMED.

. Louisiana Code of Civil Procedure article 966 was amended and reenacted by Acts 2015, No. 422, § 1, with an effective date of January 1, 2016. The amended version of article 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the Act; therefore, we refer to the former version of the article in this case. See Acts 2015, No. 422, §§ 2 and 3.