# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2023 CA 1343

DOUGLAS ROBINS AND KATHERINE ROBINS

VERSUS

JANIE LANGUIRAND COLES, MOHAMMAD Z. PIRZADAH, M.D.
AND MANG, BOURGEOIS & CALLAWAY, LLC

Judgment Rendered: __AUG 2 6 2024__

* * * * * *

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 698051

Honorable Ronald R. Johnson, Judge Presiding

* * * * * *

John L. Hammons
Cornell R. Flournoy
William W. Murray, Jr.
R. Clayton Christian
Anna M. Sparke
Shreveport, Louisiana

Counsel for Plaintiffs/Appellants
Douglas and Katherine Robins


James H. Gibson
Stacy N. Kennedy
Lafayette, Louisiana

Counsel for Defendants/Appellees
Janie Languirand Coles and
Mang, Bourgeois & Callaway, LLC


Tara S. Bourgeois
Garrett S. Callaway
Baton Rouge, Louisiana

Counsel for Defendant/Appellee
Mohammad Zohair Pirzadah, M.D.

* * * * * *

BEFORE: McCLENDON, HESTER, AND MILLER, JJ.

**McCLENDON, J.**

The plaintiffs-appellants seek review of a trial court judgment that granted summary judgment in favor of one of the three defendants, and dismissed the plaintiffs-appellants' claims against said defendant with prejudice. The defendant-appellee filed an answer to the appeal challenging the trial court's order that he bear his own costs. For the reasons that follow, we affirm the judgment of the trial court and deny the relief requested by defendant in his answer to the appeal.

## FACTS AND PROCEDURAL HISTORY[1]

The dispute before us arises from the events of, and the circumstances surrounding, the trial of a medical malpractice action. On September 10, 2015, Douglas and Katherine Robins (sometimes collectively, "plaintiffs") filed a petition in the Nineteenth Judicial District Court alleging that Mohammad Zohair Pirzadah, M.D. and Charles Lane Pearson, Jr., M.D. (sometimes collectively, "defendant physicians") committed medical malpractice while treating Mr. Robins, causing Mr. Robins to sustain a hypoxic brain injury and enter a permanent vegetative state (the medical malpractice suit). The medical malpractice suit proceeded to a three-day bench trial before Judge William Morvant in September 2018. Janie Coles and Jonathan Thomas represented the defendant physicians, and John Hammons and William Murray, Jr. represented the plaintiffs.

Central to the appeal before us, which involves allegations of fraud and material misrepresentation, Ms. Coles made the following statement to the court on the first day of trial: "Your Honor, Dr. Pirzadah is not here today. His son was in a pretty bad car accident in St. Louis and he has multiple vertebral f[r]actures. So, Dr. Pirzadah is dealing with that today." In a similar vein, when the trial court asked Ms. Coles on the second day of trial which witnesses she had left to call, Ms. Coles responded, in pertinent part: ". . . and I'm going to have to see if Dr. Pirzadah is available. His, like I said, his son has

_____

[1] The history underlying this appeal is more fully set out in this court's prior opinions in **Robins v. Pirzadah**, 2019-0523 (La.App. 1 Cir. 12/27/19), 292 So.3d 570, 572, writ denied, 2020-00043 (La. 4/27/20), 295 So.3d 396 (**Robins I**), and **Robins v. Pirzadah**, 2022-0844, 2022-0845 (La.App. 1 Cir. 4/14/23), 365 So.3d 830, 831-33, writ denied, 2023-00665 (La. 9/19/23), 370 So.3d 466 (**Robins II**). Portions of the history pertinent to the issue now before us are adapted and/or borrowed from these prior opinions.

2

been injured." The plaintiffs and the trial court accepted Ms. Coles' statements regarding Dr. Pirzadah's whereabouts and availability without comment. Ultimately, Dr. Pirzadah – who was neither subpoenaed nor deposed in anticipation of trial – did not appear or testify at the trial of the medical malpractice suit.

However, during closing arguments on the third and final day of trial, Mr. Hammons stated that he was "advised by Our Lady of the Lake [Regional Medical Center (OLOL)] yesterday that [Dr. Pirzadah] was here at the hospital[,]" and thus, "[Dr. Pirzadah] was available to testify and chose not to." Mr. Hammons requested that the trial court impose an adverse presumption that, had Dr. Pirzadah testified, his testimony would have been adverse to both of the defendant physicians. The trial court declined to impose an adverse presumption, noting that it had no way to independently verify Mr. Hammons' statements, and ruled in favor of the defendant physicians, finding that the plaintiffs failed to establish a breach of the standard of care. On November 9, 2018, the trial court signed a written judgment in conformity with its oral rulings and dismissed the plaintiffs' medical malpractice suit with prejudice.

The plaintiffs appealed the November 9, 2018 judgment dismissing the medical malpractice suit. On appeal, this court in **Robins v. Pirzadah**, 2019-0523 (La.App. 1 Cir. 12/27/19), 292 So.3d 570, 576, writ denied, 2020-00043 (La. 4/27/20), 295 So.3d 396 (**Robins I**) found the trial court did not manifestly err in determining that the plaintiffs did not prove a breach of the standard of care, because the record contained sufficient evidence to support the trial court's conclusion. This court in **Robins I** also found that the trial court did not abuse its discretion in denying the plaintiffs' request to impose an adverse presumption, writing, "[r]egardless of where Dr. Pirzadah was at the time of the trial, he was duly accessible prior to the trial, and the failure of his being deposed or subpoenaed to testify is attributable equally to the plaintiffs and defendants." **Robins I,** 292 So.3d at 577. The plaintiffs filed an application for writ of certiorari with the Louisiana

3

Supreme Court, which was denied on April 27, 2020. **Robins v. Pirzadah**, 2020-00043 (La. 4/27/20), 295 So.3d 396.[2]

The plaintiffs continued to seek relief from the November 9, 2018 judgment dismissing the medical malpractice suit by filing two additional petitions in July 2020: one seeking the annulment of the November 9, 2018 judgment on the basis that it was obtained by fraud and ill practices (the nullity suit), and the other seeking damages on the basis that the November 9, 2018 judgment was obtained by fraud, ill practices, and collusion on the part of Dr. Pirzadah and Ms. Coles (the fraud suit).

The nullity suit, which was dismissed with prejudice on summary judgment in a May 5, 2022 judgment,[3] named only Dr. Pirzadah and Dr. Pearson as defendants. Said suit was consolidated with the medical malpractice suit prior to being dismissed.

The judgment dismissing the plaintiffs' claims against Dr. Pirzadah in the fraud suit is the subject of the current appeal. Dr. Pirzadah, Ms. Coles, and Ms. Coles' employer, Mang, Bourgeois & Callaway, LLC (Mang Bourgeois), were all named as defendants in the fraud suit. Transfer and consolidation with the nullity suit was denied, and the fraud suit continued before Judge Ronald Johnson. The fraud suit alleged that at all times pertinent hereto, Ms. Coles was acting within the course and scope of her employment and/or as an agent of Mang Bourgeois, and on behalf of and/or in conjunction with Dr. Pirzadah; that Ms. Coles and Dr. Pirzadah "colluded for strategic purposes in the trial of the underlying medical malpractice lawsuit to materially misrepresent Dr. Pirzadah's whereabouts at the time of trial"; and that Dr. Pirzadah, Ms. Coles, and Mang Bourgeois "engaged in knowingly fraudulent conduct for the purpose of gaining a strategic or tactical advantage and that in so doing Ms. Coles violated the Louisiana Rules of Professional Conduct." The fraud suit further alleged that the trial court declined to impose an adverse presumption because it believed Ms. Coles' material misrepresentations, which ultimately

---

[2] Thus, the November 9, 2018 judgment dismissing the medical malpractice suit is now a final judgment, which may not be modified, revised, or reversed by any court. See LSA-C.C.P. arts. 2166(E) & 2167; **Succession of Poole**, 2015-1317, 2015-1318, 2015-1319 (La.App. 1 Cir. 10/28/16), 213 So.3d 18, 23.

[3] In **Robins II**, this court affirmed the trial court's dismissal, and the Louisiana Supreme Court denied writs. **Robins II**, 365 So.3d at 837. Like the judgment dismissing the medical malpractice suit, the May 5, 2022 judgment dismissing the nullity suit is now a final judgment, which may not be modified, revised, or reversed by any court. See LSA-C.C.P. arts. 2166(E) & 2167; **Succession of Poole**, 213 So.3d at 23.

led to the dismissal of the plaintiffs' medical malpractice suit and caused the plaintiffs irreparable harm.

Particularly with regard to the claims against Dr. Pirzadah, which are the only claims before us on review, the fraud suit alleged that "Dr. Pirzadah and Ms. Coles were fully aware and discussed a strategy or tactic that resulted in Dr. Pirzadah's being absent from the trial and thus unavailable for cross examination by counsel for [the] plaintiffs"; that "Dr. Pirzadah was aware of the content and nature of the material misrepresentations made on his behalf by Ms. Coles"; and that the "[p]laintiffs were denied just compensation for the medical malpractice of Dr. Pirzadah as a result of the material misrepresentations made knowingly and intentionally by Ms. Coles on behalf of Dr. Pirzadah." The plaintiffs prayed for relief "in a sum sufficient to fully and completely compensate" them for the losses, injuries, and other damages they suffered as a result of "fault, fraud, ill practices, collusion, intentional actions, material misrepresentations and violations of the Louisiana Rules of Professional Conduct[.]"

On July 22, 2022, Dr. Pirzadah, Ms. Coles, and Mang Bourgeois (sometimes collectively, "fraud defendants") filed a joint motion seeking summary judgment on the grounds that the plaintiffs could not meet their burden of proof regarding the alleged fraud. The fraud defendants' joint motion alternatively pled the objection of no right of action, arguing the fraud suit constituted an impermissible collateral attack on the November 9, 2018 judgment dismissing the medical malpractice suit.

On September 9, 2022, the plaintiffs filed a partial motion for summary judgment on the issue of liability in the fraud suit. The plaintiffs also filed an opposition to the fraud defendants' joint motion for summary judgment and objection of no right of action. Ms. Coles and Mang Bourgeois opposed the plaintiffs' partial summary judgment motion and filed replies in support of the joint motion; Dr. Pirzadah, individually, filed a separate opposition to the plaintiffs' partial summary judgment motion and a separate reply memorandum in support of the joint motion.

On February 13, 2023, the trial court heard the fraud defendants' motion for summary judgment, the plaintiffs' partial motion for summary judgment on the issue of liability, and the fraud defendants' objection of no right of action. The trial court sustained

5

the objection of no right of action as to Ms. Coles and Mang Bourgeois in a March 9, 2023 written judgment, which is not at issue in this appeal.[4] Regarding the May 16, 2023 judgment which is the subject of this appeal, the trial court granted summary judgment in favor of Dr. Pirzadah; denied the fraud defendants' objection of no right of action as to Dr. Pirzadah; denied the plaintiffs' partial motion for summary judgment on the issue of liability as to Dr. Pirzadah; and dismissed plaintiffs' claims against Dr. Pirzadah, with the parties to bear their own costs.

The plaintiffs have appealed the May 16, 2023 judgment. The plaintiffs contend on appeal that the trial court erred in granting summary judgment in favor of Dr. Pirzadah and in denying the plaintiffs' partial motion for summary judgment on the issue of liability.[5] Dr. Pirzadah has answered the appeal, arguing that the trial court erred in not awarding costs in his favor as the prevailing party.

## SUMMARY JUDGMENT

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law.[6] LSA-C.C.P. art. 966(A)(3). Using the same criteria as the trial court, appellate courts review evidence *de novo* to determine whether summary judgment is appropriate. **BMO Harris Bank N.A. v. Gaugler**, 2022-0415 (La.App. 1 Cir. 11/16/22), 356 So.3d 459, 464.

The burden of proof on a motion for summary judgment rests with the mover. LSA-C.C.P. art. 966(D)(1). If the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's

---

[4] The March 9, 2023 judgment also denied the summary judgment sought by Ms. Coles and Mang Bourgeois.

[5] The denial of a motion for summary judgment is an interlocutory order not reviewable on appeal. However, when an unrestricted appeal is taken from a final judgment, the appellee may seek review of all adverse interlocutory rulings by filing an answer to the appeal. See LSA-C.C.P. art. 2133; **Wilson v. Two SD, LLC**, 2015-0959 (La.App. 1 Cir. 12/23/15), 186 So.3d 103, 113.

[6] The motion for summary judgment at issue in this appeal was filed and decided under LSA-C.C.P. art. 966 prior to the August 1, 2023 effective date of 2023 La. Acts No. 317, § 1, and 2023 La. Acts No. 368, § 1. Thus, we refer to the version of the law in effect at the time the motion was filed and decided. See **Bayview Loan Servicing, LLC v. Holden**, 2023-1347 (La.App. 1 Cir. 6/7/24), ___ So.3d ___, ___, 2024 WL 2870032, *3, n.8.

claim, action, or defense. Rather, the mover must point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. LSA-C.C.P. art. 966(D)(1).

An issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. **White v. Herbert**, 2022-1333 (La.App. 1 Cir. 6/2/23), 369 So.3d 898, 902. Although factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact. **Markiewicz v. Sun Construction, L.L.C.**, 2021-1535, 2012-1536, 2021-1537 (La.App. 1 Cir. 6/14/22), 343 So.3d 758, 765.

Summary judgment is seldom appropriate for determinations based on subjective facts of motive, intent, good faith, knowledge, or malice. Nevertheless, summary judgment may be granted on subjective intent issues when no issue of material fact exists concerning the pertinent intent. **Markiewicz**, 343 So.3d at 765. Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. **Tate v. Outback Steakhouse of Florida**, 2016-0093 (La.App. 1 Cir. 9/16/16), 203 So.3d 1075, 1077.

## FRAUD AND CONSPIRACY

As set forth above, the plaintiffs prayed for relief "in a sum sufficient to fully and completely compensate" them for the losses, injuries, and other damages they suffered as a result of "fault, fraud, ill practices, collusion, intentional actions, material misrepresentations and violations of the Louisiana Rules of Professional Conduct[.]" Louisiana is a fact pleading state that values substance over form and does not require the use of magic titles or terminology as a threshold requirement for validly pleading an action. **Southeastern Louisiana University v. Cook**, 2012-0021 (La.App. 1 Cir. 9/21/12), 104 So.3d 124, 127. Here, the plaintiffs allege Dr. Pirzadah and Ms. Coles

7

"colluded" and "engaged in knowingly fraudulent conduct" in the trial of the medical malpractice suit "to materially misrepresent Dr. Pirzadah's whereabouts at the time of trial[,]" with "the purpose of gaining a strategic or tactical advantage[.]" Having thoroughly considered the pleadings before us, the plaintiffs' allegations are essentially claims of fraud and conspiracy to commit fraud. We, therefore, discuss them in those terms.[7]

Fraud is defined as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other[,]" and "may also result from silence or inaction." LSA-C.C. art. 1953.[8] In order to recover for fraud, the plaintiff bears the burden of proving (1) a misrepresentation of material fact, (2) made with the intent to deceive, and (3) causing justifiable reliance with resultant injury. **Markiewicz**, 343 So.3d at 766. Specific intent to deceive is a necessary element of fraud, and fraud cannot be based on mistake or negligence, regardless how great. Moreover, a defendant cannot fraudulently conceal his mistake if he has no knowledge of that mistake. **Id**. Thus, it is generally held that fraudulent intent, intent to deceive, or equivalent thereof is an essential element of fraud. **Smith v. Roussel**, 2000-1028 (La.App. 1 Cir. 6/22/01), 809 So.2d 159, 164.

The term "conspiracy" generally means a plan by two or more persons to accomplish some unlawful, immoral, criminal, or evil purpose. **Markiewicz**, 343 So.3d at 766. Regarding conspiracy, LSA-C.C. art. 2324(A) provides that "[h]e who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act." Article 2324(A) requires a meeting of the minds or collusion between the parties for the purpose of committing wrongdoing. **Boudreaux v. Jeff**, 2003-1932 (La.App. 1 Cir. 9/17/04), 884 So.2d 665, 672.

---

[7] To the extent the plaintiffs allege "ill practices[,]" we note that our review of the jurisprudence indicates that term is typically used in the context of petitions to nullify judgments pursuant to LSA-C.C.P. art. 2004. See **Compton v. Chatman**, 2021-0706 (La.App. 1 Cir. 2/25/22), 341 So.3d 581, 587, n.3, writ denied, 2022-00527 (La. 5/3/22), 337 So.3d 154; **Expert Oil & Gas, L.L.C. v. Mack Energy Co.**, 2016-0068 (La.App. 1 Cir. 9/16/16), 203 So.3d 1080, 1084. Further, this court previously considered the plaintiffs' claim of ill practices in connection with the nullity suit in **Robins II**.

[8] The definition of "fraud" set forth in LSA-C.C. art. 1953 applies whether the cause of action asserted is contractual fraud or the intentional tort of fraud. See **Pontchartrain Natural Gas System v. Texas Brine Co., LLC**, 2022-0594 (La.App. 1 Cir. 1/20/23), 361 So.3d 491, 502, writ denied, 2023-00255 (La. 6/7/23), 361 So.3d 983, citing **Riedel v. Fenasci**, 2018-0539 (La.App. 1 Cir. 12/28/18), 270 So.3d 795, 801; **Smith v. Roussel**, 2000-1028 (La.App. 1 Cir. 6/22/01), 809 So.2d 159, 164.

The actionable element of a conspiracy claim is not the conspiracy itself, but rather the underlying tort the conspirators agree to perpetrate and actually commit in whole or in part. **Markiewicz**, 343 So.3d at 766. In order to recover under a theory of civil conspiracy, a plaintiff must show that an agreement existed among the defendants to commit the tortious act which caused the plaintiffs injury. The plaintiff must establish that there was an agreement as to the intended outcome or result. **Id**. Evidence of such a conspiracy can be actual knowledge of both parties or overt actions with another, or can be inferred from the knowledge of the alleged co-conspirator of the impropriety of the actions taken by the other co-conspirator. **Boudreaux**, 884 So.2d at 672. If a conspiracy is conceived and executed, and a private injury results, the one so injured has a right of action against all of the conspirators. **Id**.

## DISCUSSION

At trial, the plaintiffs would bear the burden of proof as to the claims of fraud and conspiracy to commit fraud they asserted against Dr. Pirzadah, Ms. Coles, and Mang Bourgeois. See **Markiewicz**, 343 So.3d at 766. Accordingly, as the movers on summary judgment, Dr. Pirzadah, Ms. Coles, and Mang Bourgeois bore the burden of pointing out the absence of factual support for one or more of the elements of the plaintiffs' fraud and conspiracy to commit fraud claims. See LSA-C.C.P. art. 966(D)(1); **Markiewicz**, 343 So.3d at 766. However, as set forth above, the May 16, 2023 judgment before us on appeal granted summary judgment in favor of Dr. Pirzadah only. Thus, the issue before us is limited to whether the fraud defendants' joint summary judgment motion successfully pointed out the absence of factual support for one or more of the elements of the plaintiffs' fraud and conspiracy to commit fraud claims, *as to Dr. Pirzadah*. We do not comment on whether the fraud defendants' joint summary judgment motion pointed out the absence of factual support for one or more of the elements of the plaintiffs' fraud and conspiracy to commit fraud claims as to Ms. Coles or Mang Bourgeois. Moreover, for ease of discussion, we refer to the fraud defendants' joint summary judgment motion as Dr. Pirzadah's summary judgment motion from this point forward.

In support of Dr. Pirzadah's summary judgment motion, Dr. Pirzadah offered his own affidavit and the affidavits of Ms. Coles and Dr. Pearson, together with attachments

9

thereto; the pleadings filed in the medical malpractice suit, the nullity suit, and the fraud suit; as well as transcripts and excerpts of transcripts taken in the medical malpractice suit, the nullity suit, and the fraud suit.[9] Dr. Pirzadah's summary judgment motion contended that the plaintiffs had no factual support establishing that Ms. Coles made a material misrepresentation to the trial court regarding Dr. Pirzadah's whereabouts, or that Dr. Pirzadah and Ms. Coles colluded to present a fraudulent misrepresentation to the court and obtain a strategic or tactical advantage.

In conducting our *de novo* review of these documents, we find Dr. Pirzadah established a lack of factual support for the plaintiffs' allegations that he engaged in fraud or conspiracy to commit fraud. There is no indication in the documents filed in support of or in opposition to Dr. Pirzadah's motion for summary judgment that Dr. Pirzadah had any intent to deceive the trial court, or that Dr. Pirzadah entered into an agreement with Ms. Coles or conspired with Ms. Coles to deceive the trial court. Further, the affidavits offered in support of Dr. Pirzadah's motion explicitly denied any such intent or agreement.

In Ms. Coles' affidavit, she attested she "met with Dr. Pirzadah, by phone or in person, on several occasions to prepare for the trial[.]" Ms. Coles further attested that, prior to the first day of trial on Monday, September 24, 2018, Dr. Pirzadah informed her that he was traveling to St. Louis to assess his son, who had been hospitalized after an automobile accident; that his son was later discharged from the hospital in St. Louis and they had returned to Baton Rouge; and that he needed to be present at his son's medical appointment on Monday, September 24, 2018. Ms. Coles attested that, after she confirmed that Dr. Pirzadah had not been subpoenaed to appear at the trial, she informed him that he did not have to attend the trial on Monday, September 24, 2018, and that they "would speak after the trial was concluded for the day . . . and decide about [Dr. Pirzadah's] attendance at the trial the following day."

---

[9] We note that transcripts are not included in the list of documents that may be filed in support of a motion for summary judgment. See LSA-R.S. 966(A)(4). However, the version of LSA-C.C.P. art. 966(D)(2) then in effect mandated that the trial court consider all documents to which no objection is made, and the plaintiffs did not object to the transcripts offered in support of Dr. Pirzadah's summary judgment motion. Moreover, no argument was made on appeal as to the admissibility of the transcripts.

Regarding Ms. Coles' statement to the trial court regarding Dr. Pirzadah's whereabouts, Ms. Coles attested that on September 24, 2018, she "truthfully stated" to the trial court: "Your Honor, Dr. Pirzadah is not here today. His son was in a pretty bad car accident in St. Louis and he has multiple vertebral f[r]actures. So, Dr. Pirzadah is dealing with that today." According to Ms. Coles, after the trial concluded for the day on September 24, 2018, she "informed Dr. Pirzadah that he probably did not have to attend the trial on Tuesday, September 25, 2018," but he should be available. Ms. Coles also attested that when the trial court asked which witnesses she had left to call on Tuesday, September 25, 2018, the second day of trial, she responded, "We have Dr. Dellinger, Dr. Cook, and I'm going to have to see if Dr. Pirzadah is available. His, like I said, his son has been injured." After the trial concluded for the day on September 25, 2018, Ms. Coles informed Dr. Pirzadah that she "probably would not call him as a witness at trial on Wednesday, September 26, 2018, but he was to be available should [she] change [her] mind." Ms. Coles further attested:

31. At no time did I discuss with Dr. Pirzadah or Dr. Pearson what I intended to say to the trial court, plaintiffs' counsel, the First Circuit Court of Appeal, and/or the Louisiana Supreme Court regarding the whereabouts of Dr. Pirzadah relative to his absence from the trial of the [medical malpractice suit] on September 24, 25, or 26, 2018.

32. At no time did I discuss with Dr. Pirzadah or Dr. Pearson that Dr. Pirzadah's absence from the trial of the [medical malpractice suit] was a strategy or tactic to prevent counsel for plaintiffs from calling Dr. Pirzadah as a witness at trial or for the purpose of obtaining an unjust advantage or to deprive plaintiffs of any legal right at trial.

33. At no time did I advise or encourage Dr. Pirzadah to be absent from the trial of the [medical malpractice suit] on September 24, 25, or 26, 2018, as a strategy or tactic to prevent plaintiffs' counsel from calling Dr. Pirzadah as a witness at trial or for the purpose of obtaining an unjust advantage or to deprive plaintiffs of any legal right at trial.

34. At no time did I collude with Dr. Pirzadah and/or Dr. Pearson to misrepresent to the court Dr. Pirzadah's whereabouts relative to his absence from the trial of the [medical malpractice suit] on September 24, 25, or 26, 2018, as a strategy or tactic to prevent counsel for plaintiffs from calling Dr. Pirzadah as a witness at trial or for the purpose of obtaining an unjust advantage or to deprive plaintiffs of any legal right at trial.

Dr. Pirzadah's affidavit testimony was consistent with Ms. Coles' affidavit testimony. Therein, Dr. Pirzadah attested that he was not deposed or subpoenaed in connection with the trial of the medical malpractice suit, and he was not present in court for the trial of the medical practice suit on September 24, 25, and 26, 2018. Regarding

11

his absence from trial, Dr. Pirzadah attested that Ms. Coles informed him prior to the beginning of trial that he had not been subpoenaed and did not have to attend the first day of trial on Monday, September 24, 2018; that he took his son to his orthopedist appointment on September 24, 2018; that after the trial concluded for the day on both Monday, September 24, 2018, and Tuesday, September 25, 2018, Ms. Coles informed him that he probably did not have to attend trial the following day, but he should be available if needed; that he was available to attend the trial on both Tuesday, September 25, 2018 and Wednesday, September 26, 2018, but to the best of his knowledge, he was not called as a witness or subpoenaed either day; and that he spent part of both Tuesday, September 25, 2018 and Wednesday, September 26, 2018, attending to his son.

Dr. Pirzadah further attested that Ms. Coles did not discuss with him what she intended to say to the trial court, to this court, or to the Louisiana Supreme Court, regarding his whereabouts and/or the circumstances of his absence from the trial of the medical malpractice suit on September 24, 25, or 26, 2018, and that he did not have any personal knowledge of the statements she made to the trial court. Dr. Pirzadah attested that at no time did he and Ms. Coles discuss that his absence would be a strategy or tactic to prevent counsel for plaintiffs from calling him as a witness at trial or for the purpose of obtaining an unjust advantage or to deprive plaintiffs of any legal right at trial, nor did he and Ms. Coles collude to misrepresent his whereabouts for that purpose.

Dr. Pearson attested that he was not deposed or subpoenaed in connection with the trial of the medical malpractice suit, but he was present in court for the trial of the medical practice suit on September 24, 25, and 26, 2018. Regarding Dr. Pirzadah's absence from trial, Dr. Pearson attested that Ms. Coles informed him prior to the beginning of trial that Dr. Pirzadah had not been subpoenaed and would not be present for the first day of trial so he could take his son to an appointment with an orthopedist; that the statements Ms. Coles made to the trial court regarding Dr. Pirzadah were true to the best of his knowledge; that he did not have any personal knowledge of whether Dr. Pirzadah was available for the trial; and that he was not, at any time during the trial of the medical malpractice suit, questioned by the trial court or the plaintiffs' counsel regarding Dr. Pirzadah's whereabouts relative to his absence from the trial. Dr. Pearson

12

attested that Ms. Coles did not discuss with him what she intended to say to the trial court, to this court, or to the Louisiana Supreme Court, regarding Dr. Pirzadah's whereabouts and/or the circumstances of his absence from the trial of the medical malpractice suit on September 24, 25, or 26, 2018. Dr. Pearson attested that at no time did Ms. Coles discuss with him that Dr. Pirzadah would be absent from the trial as a strategy or tactic to prevent counsel for plaintiffs from calling Dr. Pirzadah as a witness at trial or for the purpose of obtaining an unjust advantage or to deprive plaintiffs of any legal right at trial. Dr. Pearson further attested that he did not collude with Ms. Coles and/or Dr. Pirzadah to misrepresent Dr. Pirzadah's whereabouts relative to his absence from the trial as a strategy or tactic to prevent counsel for plaintiffs from calling Dr. Pirzadah as a witness at trial or for the purpose of obtaining an unjust advantage or to deprive plaintiffs of any legal right at trial.

In summary, Dr. Pirzadah, Ms. Coles, and Dr. Pearson all provided affidavit testimony denying any knowledge on Dr. Pirzadah's part of the representations made by Ms. Coles to the trial court regarding his availability and whereabouts, and likewise, denying any discussion or agreement between Ms. Coles and Dr. Pirzadah to deceive the trial court or to adopt a trial strategy to prevent Dr. Pirzadah from being called as a witness. Accordingly, because Dr. Pirzadah successfully pointed out the absence of factual support for the plaintiffs' claims against him, the burden shifted to the plaintiffs to produce factual support sufficient to establish the existence of a genuine issue of material fact or that Dr. Pirzadah was not entitled to summary judgment as a matter of law.

In opposition to Dr. Pirzadah's motion for summary judgment, and consistent with the allegations of the petition which initiated the fraud suit, the plaintiffs argued that Ms. Coles knowingly and intentionally misrepresented Dr. Pirzadah's whereabouts and availability to the trial court during the trial of the medical malpractice suit, which had a direct bearing on the trial court's rulings in the medical malpractice suit and denied the plaintiffs a fair and impartial trial. The plaintiffs also offered many of the same documents as those offered by Dr. Pirzadah, as well as Ms. Coles' and Dr. Pirzadah's responses to requests for admissions of fact. However, nothing contained therein was sufficient to establish a genuine issue of material fact regarding whether Dr. Pirzadah had any intent

13

to deceive the trial court as to his availability and whereabouts, or whether Dr. Pirzadah entered into an agreement with Ms. Coles to attempt to commit fraud upon the trial court. Accordingly, following our *de novo* review of the record, we find that Dr. Pirzadah was entitled to summary judgment dismissing the plaintiffs' claims of fraud and conspiracy to commit fraud. Having so found, we need not address plaintiffs' argument that the trial court erred in denying their motion for summary judgment on the issue of liability as to Dr. Pirzadah.

## ANSWER TO APPEAL

Dr. Pirzadah filed an answer to appeal challenging that portion of the May 16, 2023 judgment ordering the parties to each bear their own costs. Dr. Pirzadah contends that the trial court erred in not awarding costs in his favor as the prevailing party.

Louisiana Code of Civil Procedure article 1920 provides:

Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.

Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.

The law is well settled that the party cast in judgment will generally be assessed with all costs of the litigation, including its own and those of the prevailing party. See LSA-C.C.P. art. 1920; **Reynolds v. Louisiana Department of Transportation**, 2015-1304 (La.App. 1 Cir. 4/13/16), 194 So.3d 56, 59. However, the trial court has great discretion in awarding costs, including expert witness fees, deposition costs, exhibit costs, and related expenses. On appeal, the trial court's assessment of costs will not be disturbed absent an abuse of discretion. **Reynolds**, 194 So.3d at 59.

This court has held that an assessment of costs against a prevailing party is considered an abuse of discretion absent proof that the prevailing party incurred costs pointlessly or engaged in other conduct that justified the allocation. See **Reynolds**, 194 So.3d at 59. More recently, however, in **M & R Drywall, Inc. v. MAPP Construction, LLC**, 2017-0186, 2017-0187, 2017-0188 (La.App. 1 Cir. 4/29/19), 280 So.3d 260, 271, writ denied, 2019-01325, 2019-01403, 2019-01411 (La. 11/19/19), 282 So.3d 1073, 1074, the prevailing party argued that, "because there [was] no evidence that they

14

incurred costs needlessly, the trial court abused its discretion in failing to award costs in their favor." Nevertheless, this court rejected that argument, writing:

> In **Townes v. Liberty Mut. Ins. Co.**, 09-2110 (La. App. 1 Cir. 5/7/10), 41 So.3d 520, 531-32, the trial court ordered each party to bear its own costs although there was a zero verdict and no indication that either party incurred costs needlessly; this court found no abuse of discretion. In **Anglin v. Anglin**, 09-0844 (La. App. 1 Cir. 12/16/09), 30 So.3d 746, 753-54, this court recognized that a trial court may assess costs against a party who prevails to some extent on the merits. *See also* **Adams v. Rhodia, Inc.**, 07-0897 (La. App. 1 Cir. 2/13/09), 5 So.3d 288, 289. In **Brown v. Mathew**, 13-2974 (La. App. 1 Cir. 12/30/14), 2014 WL 7455038 at *14 (unpublished), the plaintiff was the losing party, but the defendant was taxed with costs.
>
> In light of this court's recent pronouncements, we cannot conclude that the trial court abused its broad discretion in ordering each party to bear its own costs.

Considering this court's decision in **M & R Drywall**, we cannot conclude that the trial court abused its broad discretion in ordering each party to bear its own costs. See also **Collins v. Franciscan Missionaries of Our Lady Health System, Inc.**, 2019-0577 (La.App. 1 Cir. 2/21/20), 298 So.3d 191, 199, writ denied, 2020-00480 (La. 6/22/20), 297 So.3d 773, and **Reed v. Louisiana Department of Public Safety and Corrections**, 2020-0091 (La.App. 1 Cir. 11/2/20), 2020 WL 6390526, *2 (unpublished), writ denied, 2020-01385 (La. 1/12/21), 308 So.3d 710. Thus, we deny the relief requested by Dr. Pirzadah in his answer to appeal.

## CONCLUSION

The May 16, 2023 judgment granting summary judgment in favor of Dr. Pirzadah and dismissing the plaintiffs' claims against him is affirmed. The answer to appeal filed by Dr. Pirzadah is denied. All costs of this appeal are to be borne by plaintiffs-appellants, Mr. and Mrs. Robins.

**AFFIRMED; ANSWER TO APPEAL DENIED.**

15