STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2024 CA 0243

MORGAN B. QUEREAU

VERSUS

SAM & BRETT LLC D/B/A OFF THE HOOK CATFISH & CHICKEN
AND GREAT LAKES INSURANCE SE

*Judgment Rendered:* OCT 0 3 2024

* * * * * * * *

Appealed from the
17th Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
Case No. C-140719, Division E

The Honorable F. Hugh Larose, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Nancy S. Silbert<br>Mark R. Wolfe<br>T. Daniel Pick<br>New Orleans, Louisiana | Counsel for Plaintiff/Appellant<br>Morgan B. Quereau |
| Jeffery J. Waltz<br>Jill A. Waltz<br>Parish J. Tillman<br>New Orleans, Louisiana | Counsel for Defendants/Appellees<br>Sam & Brett LLC d/b/a Off the<br>Hook Catfish & Chicken and Great<br>Lakes Insurance SE |

* * * * * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

**THERIOT, J.**

Morgan B. Quereau appeals the 17th Judicial District Court's December 22, 2023 judgment granting summary judgment in favor of Sam & Brett, LLC d/b/a Off the Hook Catfish & Chicken and Great Lakes Insurance SE. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On May 19, 2020, Morgan B. Quereau filed a petition for damages wherein he alleged that he was injured at Off the Hook Catfish & Chicken in Thibodaux, Louisiana, on August 5, 2019, while doing scheduled extermination work at the restaurant. Quereau alleged that he slipped and fell on a slippery substance while spraying chemicals in the prep room of the kitchen. Quereau further alleged that he suffered severe injuries, including an injury to his right wrist which required surgical intervention, and sought damages as a result.[1] Quereau asserted negligence claims and named Sam & Brett, LLC d/b/a Off the Hook Catfish & Chicken and its insurer, Great Lakes Insurance SE, as defendants.

Trial in this matter was set to begin on February 5, 2024. On October 2, 2023, Off the Hook filed a motion for summary judgment wherein they argued that Quereau could not prove all of the necessary elements of his negligence claim. A hearing on Off the Hook's motion for summary judgment was held on December 7, 2023. At the conclusion of the hearing, the trial court granted summary judgment in favor of Off the Hook, finding Quereau failed to prove that Off the Hook had knowledge of and/or caused any substance to be on the floor. The trial court signed a judgment to this effect on December 22, 2023. This appeal followed.

---

[1] On July 17, 2020, Lajaunie's Pest Control, LLC and its insurer, Markel Insurance Company (collectively "Lajaunie's"), sought to intervene in the suit on the basis of Quereau being employed by Lajaunie's at the time of the accident. Lajaunie's motion was granted on July 21, 2020. In the petition of intervention, Lajaunie's asserted that it had paid workers' compensation benefits to Quereau and sought to recover those funds and any future funds they may be liable for. The petition of intervention is not at issue in this appeal.

## ASSIGNMENTS OF ERROR

Quereau assigns the following as error:

(1) The trial court erred in applying La. R.S. 9:2800.6 (the Louisiana Merchant Liability statute) to the facts of this matter.

(2) The trial court erred in holding that Quereau could not meet his burden under the erroneously applied La. R.S. 9:2800.6 that Off the Hook knew or created the risk by which Quereau was injured.

(3) The trial court erred in concluding that Off the Hook's act of removing the rubber mats in the kitchen (and creating a defect that presented an unreasonable risk of harm) was not a cause-in-fact of Quereau's fall and subsequent injuries.

(4) The trial court erred in failing to find existence of genuine issues of material fact despite being presented with evidence in the form of deposition testimony, video of the incident, a sworn affidavit and various forms of circumstantial evidence, i.e. the video shows that the non-slip kitchen floor mats had been moved, the kitchen floor was made of tile, the bare kitchen floor has a downslope where Quereau fell, and on the video of the incident, there is a pot on the stove emitting steam, directly adjacent to the spot at which Quereau fell.

## DISCUSSION

Assignment of Error #1

Quereau first argues that the trial court erred in applying La. R.S. 9:2800.6, the Louisiana Merchant Liability statute, to the facts of this matter. Because resolution of this particular issue involves the correct interpretation of a statute, it is a question of law, and reviewed by this court under a de novo standard of review. *Lomont v. Bennett*, 2014-2483 (La. 6/30/15), 172 So.3d 620, 627.

Louisiana Revised Statutes 9:2800.6 states in pertinent part:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, **in addition to all other elements of his cause of action**, all of the following:

3

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care. (Emphasis added.)

Quereau argues that La. R.S. 9:2800.6 is inapplicable because he was injured in a restricted area of the restaurant outside of business hours. Quereau asserts that he was not a customer and argues that the statute only applies to those "who use" the merchant's premises – namely, customers – in areas where customers and the general public could be present.

The purpose of the Louisiana Merchant Liability Statute is to define the burden of proof in cases involving a slip and fall in such commercial establishments. See Mills v. Cyntreniks Plaza, L.L.C., 2014-1115 (La. App. 1 Cir. 8/19/15), 182 So.3d 80, 83, writ denied, 2015-1714 (La. 11/6/15), 180 So.3d 308, citing Green v. Orleans Par. Sch. Bd., 2000-0106 (La. App. 4 Cir. 2/7/01), 780 So.2d 1082, 1085. "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. La. R.S. 9:2800.6(C)(2). When there is no merchant-defendant, the Louisiana Merchant Liability statute is inapposite. See Lomax v. Transdev Servs., Inc., 2020-0620 (La. App. 4 Cir. 10/20/21), 331 So.3d 368, 373 n.9, writ denied, 2021-01737 (La. 2/8/22), 332 So.3d 668.

Our sister courts have applied the merchant liability statute to non-customers. In Stewart v. Winn Dixie Louisiana, Inc., 96-599 (La. App. 5 Cir. 12/11/96), 686 So.2d 907, 911 n.1, the fifth circuit addressed whether La. R.S. 9:2800.6 applied to a delivery person, finding that "La. R.S. 9:2800.6 applies to 'persons' without distinction of whether they are customers or delivery men, and is

4

pro defense legislation increasing the burden of proof on the plaintiff which would otherwise be governed by La. C.C. art. 2315." See also *Edgefield v. Audubon Nature Inst., Inc.*, 2017-1050 (La. App. 4 Cir. 3/27/19), 267 So.3d 738, writ denied, 2019-0638 (La. 6/17/19), 274 So.3d 571 (applying the merchant liability statute to a delivery person).

Quereau attempts to distinguish between areas used by the public and areas used by employees. However, Quereau has provided no jurisprudential support for his assertion that the merchant liability statute applies solely to customers rather than individuals who may be in the merchant's establishment for other purposes. When a statutory provision is clear and unambiguous and its application does not lead to absurd consequences, its language must be given effect, and its provisions must be construed so as to give effect to the purpose indicated by a fair interpretation of the language used. La. C.C. art. 9; La. R.S. 1:4; *Oubre v. Louisiana Citizens Fair Plan*, 2011-0097 (La. 12/16/11), 79 So.3d 987, 997. Louisiana Revised Statutes 9:2800.6 provides that a merchant owes a duty of reasonable care to "persons who use his premises." Quereau, who was doing extermination work at the restaurant, is such a person. Accordingly, we find that the trial court properly applied La. R.S. 9:2800.6 to Quereau's claims. This assignment of error is without merit.

Assignments of Error #2 and #3

Quereau's second and third assignments of error relate to the trial court's granting of summary judgment in favor of Off the Hook. Summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action ... and shall be construed to accomplish these ends." La. Code Civ. P. art. 966(A)(2). In reviewing the trial court's decision on a motion for summary judgment, this court applies a *de novo* standard of review using the same criteria applied by the trial courts to determine whether summary judgment is

5

appropriate. *Bass v. Disa Glob. Sols., Inc.*, 2019-1145 (La. App. 1 Cir. 6/12/20), 305 So.3d 903, 906, writ denied, 2020-01025 (La. 11/4/20), 303 So.3d 651. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3). The only documents that may be filed or referenced in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, certified copies of public documents or public records, certified copies of insurance policies, authentic acts, private acts duly acknowledged, promissory notes and assignments thereof, written stipulations, and admissions. La. Code Civ. P. art. 966(A)(4)(a).

The mover bears the burden of proving that he is entitled to summary judgment. However, if the mover will not bear the burden of proof at trial on the subject matter of the motion, he need only demonstrate the absence of factual support for one or more essential elements of his opponent's claim, action, or defense. La. Code Civ. P. art. art. 966(D)(1). If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the nonmoving party must produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1); *Bass*, 305 So.3d at 906.

In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Kasem v. State Farm Fire & Cas. Co.*, 2016-0217 (La. App. 1 Cir. 2/10/17), 212 So.3d 6, 12-13. A "genuine" issue is a triable issue, which means that an issue is genuine if

reasonable persons could disagree; if on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. *Kasem*, 212 So.3d at 13, <u>citing</u> *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730, 751. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. *Succession of Hickman v. State Through Bd. of Supervisors of Louisiana State Univ. Agric. & Mech. Coll.*, 2016-1069 (La. App. 1 Cir. 4/12/17), 217 So.3d 1240, 1244.

A merchant owes a duty to persons using his property to keep such property in a reasonably safe condition. La. R.S. 9:2800.6(A). The absence of an unreasonably dangerous condition of the thing implies the absence of a duty on the part of the defendant. *Williams v. Liberty Mut. Fire Ins. Co.*, 2016-0996 (La. App. 1 Cir. 3/13/17), 217 So.3d 421, 424, <u>writ denied</u>, 2017-0624 (La. 6/5/17), 219 So.3d 338. In order to prove that a merchant is liable for damages sustained as a result of a fall due to a condition that existed in or on the merchant's premises, a plaintiff must prove by a preponderance of the evidence through, either, direct or circumstantial evidence: (1) the existence of a condition that presented an unreasonable risk of harm which was reasonably foreseeable; (2) the merchant's actual or constructive notice of the condition; and (3) the merchant's failure to exercise reasonable care. *Williams*, 217 So.3d at 424. Failure to prove any one of the foregoing requirements is fatal to a plaintiff's case. *Williams*, 217 So.3d at 424, <u>citing</u> *Moore v. Murphy Oil USA, Inc.*, 2015-0096 (La. App. 1 Cir. 12/23/15), 186 So.3d 135, 145, <u>writ denied</u>, 2016-00444 (La. 5/20/16), 191 So.3d 1066. A claimant under La. R.S. 9:2800.6 further has the burden of proving the remaining elements of a negligence action: duty, breach, cause in fact, risk and harm within

the scope of duty, and actual damages. See *Tate v. Outback Steakhouse of Fla.*, 2016-0093 (La. App. 1 Cir. 9/16/16), 203 So.3d 1075, 1078; citing *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So.2d 1081, 1083-84.

In its motion for summary judgment, Off the Hook argued that Quereau could not prove the existence of a hazardous condition and that, if such a condition did exist, Quereau could not prove that Off the Hook had notice of the alleged condition. A hazardous condition is one that creates an unreasonable risk of harm to customers under the circumstances. In the context of slip-and-fall cases, a hazard is shown to exist when the fall results from an unreasonably slippery condition. *Pena v. Delchamps, Inc.*, 2006-0364 (La. App. 1 Cir. 3/28/07), 960 So.2d 988, 991.

Off the Hook attached the following to their motion for summary judgment: (1) portions of Quereau's April 7, 2021 deposition testimony; (2) portions of the deposition testimony of Sharita Weatherspoon, an employee at the restaurant, taken on August 11, 2022; (3) an affidavit executed by Weatherspoon on March 22, 2022; (4) a video of the fall; and (5) an affidavit executed by Taylor Sepulvado, the restaurant's manager, on March 22, 2022.

Quereau filed an opposition to Off the Hook's motion for summary judgment on November 17, 2023. He alleged that Off the Hook knew that the floors in the prep room were slippery and that it had black rubber mats and instructed its employees to wear non-skid shoes as a result. Quereau asserted that Off the Hook removed the mats that should have been in the location he fell, thus creating the risk of him falling. He further asserted that because Off the Hook created the risk, he did not have to prove that Off the Hook had actual or constructive knowledge of the risk. The following exhibits were attached to Quereau's opposition: (1) an affidavit executed by Quereau; (2) certain deposition testimony of Weatherspoon; (3) the deposition testimony of Sepulvado; (4) the

deposition testimony of Quereau, in globo; and (5) a customer accident/incident report filled out after the fall.

Quereau testified at his deposition that he went to Off the Hook on the day of the fall to spray for bugs. He arrived in the morning before the restaurant was open to the public. While spraying for bugs, Quereau entered a prep area in the back of the restaurant where he slipped and fell. Quereau testified that he did not know what substance caused him to fall and that he could not identify it when he inspected his clothes later that day. He acknowledged that he was spraying slippery chemicals at the time of the fall, but maintained that those chemicals are not what caused him to slip. Quereau further testified that certain floor mats were piled on the side of the prep room rather than laid out on the floor.

The fall was caught on surveillance video. In the video, two different Off the Hook employees walked through the general area of the fall, but not in the exact location. Quereau then entered the prep room while spraying chemicals with his right hand. As he was spraying, his right foot slipped, causing him to fall on his back.

Sharita Weatherspoon, an employee of Off the Hook, was in the restaurant's prep room when Quereau fell. At her deposition, Weatherspoon testified that the floor of the prep room was not slippery. She further testified that she and other employees had walked through the area where Quereau fell prior to the fall itself. She maintained that she did not see any substance on the floor. Weatherspoon testified that there are typically four or five mats on the floor of the prep room, which were out of place when Quereau fell. She also testified that she was required to wear non-slip shoes while working at the restaurant.

Taylor Sepulvado, the restaurant manager at the Off the Hook location at issue, was also deposed. Sepulvado did not witness the fall itself, but testified that the mats in the prep room were typically moved when deliveries were brought in to

prevent dollies carrying deliveries from getting stuck on the mats. Sepulvado asserted that there were no delivery trucks present at the time of the fall, but that a delivery truck arrived after the fall.

On appeal, Quereau argues that Off the Hook created an unreasonably dangerous condition by stacking the mats on the side of the prep room and not providing a warning that the floor was slippery. He further argues that he does not have to prove actual or constructive knowledge because Off the Hook created an unreasonable risk of harm by removing the mats. Quereau further argues that Off the Hooks' removal of the rubber mats in the kitchen was a cause-in-fact of Quereau's fall and subsequent injuries.

A determination of whether the trial court properly granted summary judgment dismissing Quereau's claims against Off the Hook hinges on whether Quereau failed to establish a *prima facie* case of premises liability under La. R.S. 9:2800.6. See *Tate*, 203 So.3d at 1078. In the instant case, Quereau has the burden of proving liability. Accordingly, Off the Hook need only demonstrate the absence of factual support for one or more essential elements of his opponent's claim, action, or defense. See La. Code Civ. P. art. art. 966(D)(1). In its motion for summary judgment, Off the Hook argued that Quereau could not prove the existence of a hazardous condition and that, if such a condition did exist, Quereau could not prove that Off the Hook had notice of such condition. Accordingly, Quereau was required to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. See La. Code Civ. P. art. 966(D)(1); *Bass*, 305 So.3d at 906.

In his deposition testimony, Quereau denied that he slipped on the chemicals he was spraying, but does not know what he might have slipped on. Quereau has not set forth any evidence supporting his claims that the floor was slippery due to

the absence of mats. Instead, he asserts that the floor <u>must</u> have been slippery because the mats were not in place. However, mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact. *Hernandez v. Livingston Par. Sch. Bd.*, 2021-0764 (La. App. 1 Cir. 3/30/22), 341 So.3d 680, 686. Without any evidence as to what substance may have been present and caused Quereau's fall, Quereau's assertion that the removal of the mats caused the floor to become slippery is merely speculative.[2] As a result, Quereau has failed to establish a *prima facie* case of premises liability under La. R.S. 9:2800.6.

Likewise, Off the Hook's removal of the mats does not demonstrate that Off the Hook created an unreasonable risk of harm without the introduction of evidence proving the existence of that risk. Aside from his testimony, Quereau has presented no evidence of any substance (other than the chemicals he was spraying at the time) being where the mats were typically located, nor has he presented testimony that the tile floor was in and of itself slippery. Off the Hook's removal of the floor mats is simply not enough to create an unreasonably dangerous condition. These assignments of error lack merit.

Assignment of Error #4

Finally, Quereau argues that the trial court erred in failing to find the existence of genuine issues of material fact despite being presented with evidence in the form of deposition testimony, a video of the incident, a sworn affidavit and various forms of circumstantial evidence, i.e. the video shows that the non-slip kitchen floor mats had been moved, the kitchen floor was made of tile, the bare kitchen floor has a downslope where Quereau fell, and on the video of the incident, there is a pot on the stove emitting steam directly adjacent to the spot at which

---

[2] Quereau alleges that the prep area contained a stove top with large pots emitting steam and suggests that the steam could have caused condensation on the floor of the prep room. However, unsupported speculation will not support a finding of a genuine issue of material fact. *Hernandez*, 341 So.3d at 686.

Quereau fell. However, as stated above, mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact. *Hernandez*, 341 So.3d at 686. Merchants are not insurers of their patrons' safety, and a customer is under a duty to use ordinary care to avoid injury. A merchant is not absolutely liable every time an accident happens. *Williams*, 217 So.3d at 424. This assignment of error lacks merit.

## DECREE

For the above and foregoing reasons, we affirm the 17th Judicial District Court's December 22, 2023 judgment wherein it granted summary judgment in favor of Sam & Brett, LLC d/b/a Off the Hook Catfish & Chicken and Great Lakes Insurance SE. Costs of this appeal are assessed to Appellant, Morgan B. Quereau.

**AFFIRMED.**